[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this administrative appeal is the plaintiff's CT Page 4069-NN challenge to a cease and desist order and monetary penalty ordered by the Connecticut Department of Public Health and the Connecticut Examining Board for Barbers, Hairdressers and Cosmeticians ("agency").
After notice and a hearing, at which the plaintiff was represented by counsel, the agency concluded that the plaintiff had illegally operated barber shops without having a license to do so, and had employed other unlicensed barbers at those shops. The agency ordered the plaintiff to cease and desist from those activities and to pay a civil fine in the amount of $1,000.00.
The plaintiff claims that the agency's orders were made without substantial evidence and that they are arbitrary, capricious, an abuse of discretion, contrary to law, and violative of his constitutional rights.
Aggrievement
The plaintiff's status as an aggrieved party has not been raised as an issue, and this court finds that the plaintiff is aggrieved by the orders of the agency.
Standard of Review
Judicial review of the adjudications of administrative agencies is governed by the Uniform Administrative Procedure Act, General Statute § 4-166 et seq. The reviewing court must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. General Statutes § 4-183(j);Connecticut Alcohol Drug Abuse Commission v. Freedom ofInformation Commission, 233 Conn. 28, 39 (1995); Ottochian v.Freedom of Information, 221 Conn. 393, 397 (1992).
The reviewing court is not to retry issues of fact or to substitute its weighing of the evidence for that of the agency. General Statutes § 4-183(g); Ottochian v. Freedom ofInformation Commission, 221 Conn. 397; All Brand Importers, Inc.v. Department of Liquor Control, 213 Conn. 184, 192-93 (1989). The issue is not whether the court would have reached the same conclusions as the agency as to the credibility of witnesses or the weight of the evidence, but whether, in view of all of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Griffin Hospital v.CT Page 4069-OOCommission on Hospitals Health Care, 200 Conn. 489, 496, appeal dismissed, 479 U.S. 1023 (1986). As to factual conclusions by an administrative agency, the role of the reviewing court is to determine whether those conclusions are supported by substantial evidence. Connecticut Light Power Co. v. Department of PublicUtility Control, 216 Conn. 627, 639 (1990).
The "substantial evidence" standard requires that the administrative decision be upheld "[i]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding." Connecticut BuildingWrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). The substantial evidence standard is satisfied if the record provides a "substantial basis of fact from which the fact in issue can be reasonably inferred." Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307, 315 (1991); Lawrence v. Kozlowski,171 Conn. 705, 713 (1976), cert. denied, 431 U.S. 969 (1977).
Issues of law involve a broader standard of review than applies to review of factual determinations Starr v. Commissionerof Environmental Protection, 236 Conn. 722, 736 (1996). Except where the agency has failed to interpret a statute in accordance with general principles of statutory construction or where a state agency's determination of an issue of law has not been previously subjected to judicial scrutiny, special deference is to be given to the construction of a regulatory statute by the agency charged with its enforcement. Connecticut Alcohol DrugAbuse Commission v. Freedom of Information Commission, 233 Conn. 28,39 (1995); Starr v. Commissioner of Environmental Protection,236 Conn. 736; City of Hartford v. Freedom of InformationCommission, 41 Conn. App. 67, 72-73 (1996).
Where there are two equally plausible constructions of such a statute, the construction favored by the agency is to be given deference. Bridgeport Hospital v. Commission on Human Rights andOpportunities, 232 Conn. 91, 110 (1995).
History of the Proceedings
By a letter dated August 25, 1992, a staff attorney of the agency advised the plaintiff that the agency was contemplating the initiation of formal proceedings to impose disciplinary action on the grounds that he was operating barber shops in New Haven without a valid state license and that he was allowing unlicensed people to practice barbering at his barber shops. The CT Page 4069-PP agency subsequently issued a statement of charges, which it amended on October 21, 1993. A hearing was conducted as to these charges on November 29, 1993.
The amended statement of charges (Record, page 16) stated that charges were being brought pursuant to General Statutes §§ 19a-9, 19a-11, and 19a-14. The agency, by its director of the Division of Medical Quality Assurance, charged that the plaintiff "managed several barber shops" in New Haven during 1993 and that he did not hold a Connecticut barber license or hairdresser and cosmetician license during that year. The agency further charged that the plaintiff employed unlicensed individuals to cut hair at those shops.
The agency charged that this alleged conduct violated General Statutes §§ 20-238(b), 20-249, 20-258, 20-260 and 20-265.
At the hearing, at which the plaintiff was represented by an attorney, the Connecticut Examining Board for Barbers, Hairdressers and Cosmetologists heard testimony from a state investigator, Robert Roy, and from the plaintiff. The examining board granted the plaintiff's request to hold the hearing record open so that he could send in documentary evidence concerning the ownership and operation of two barber shops that the investigator testified were operated by the plaintiff at the time of his investigation. By a letter dated December 9, 1993, the plaintiff's counsel advised the board that he was enclosing rent receipts relating to the plaintiff's operation of a shop on Whalley Avenue and reported that he was not able to submit documentation as to a shop on Shelton Avenue that the plaintiff had testified was operated not by him but by another person with the same surname.
On June 13, 1993, the board issued a final decision in which it found that the plaintiff had, in 1993, operated more than one barber shop without a license and that he either employed or "aid and abetted" the practice of barbering by unlicensed persons in those shops. The board found that the plaintiff was in violation of General Statutes §§ 20-238(b), 20-249, 20-258, 20-260 and20-265 in that it found that he had operated a barber shop at 1089 Whalley Avenue without being a licensed barber. The board ordered the plaintiff to cease and desist from engaging in the unlicensed practice of barbering or hairdressing and cosmetology, and from operating or managing a shop in which other unlicensed persons cut hair as employees or as contractors. The board CT Page 4069-QQ imposed a civil penalty in the amount of $1,000.00.
Discussion
A. Operating a barber shop without a license.
General Statutes § 20-238(b) provides that "[n]o person, other than a person operating a barber shop on May 17, 1982, may operate any barber shop unless such person has been licensed as a registered barber for not less than two years."
The plaintiff claimed that he did not need to be licensed in order to operate the Whalley Avenue barber shop because he came within the exemption for persons "operating a barber shop on May 17, 1982." With respect to this claim of exemption, the board's finding was as follows:
 Based upon the Respondent's claim that he operated the Whalley Avenue shop for at least fifteen years, and the Department's failure to address the issue, the Board has determined that the Respondent must have operated the shop prior to May 17, 1982. The Board, based on the history of Connecticut General Statutes § 20-238(b), finds that the Respondent needed a barber or hairdresser and cosmetician license to operate the shop.
The "history" that the agency referred to is the fact that when the exemption that the plaintiff invokes was enacted inP.A. 82-215, the law required persons operating barber shops to be licensed master barbers. Specifically, § 20-240 as it existed in the Connecticut General Statutes revised to 1981 and before the enactment of P.A. 82-215 provided that no barber shop could be operated without a certificate of registration and that such certificates were to be issued by the Department of Health only to persons licensed as master barbers. The prior licensing and registration process had not required two years of experience in order to qualify for registration. The agency convincingly interprets the exemption clause as protecting those who were validly registered and licensed before the enactment ofP.A. 82-215 even if they did not meet the new requirement that they have two years experience as a licensed barber. The agency's reasonable interpretation of the statute is that barbers who operated shops and who were licensed on May 17, 1982 were "grandfathered" even if they did not meet the two year requirement, but that the exemption did not create, in effect, an CT Page 4069-RR amnesty program allowing unlicensed barbers to operate barber shops merely because they had been operating in violation of the licensing requirements in May 17, 1982. The agency found that the plaintiff had not held a license on May 17, 1982.
It is for the courts, not administrative agencies, to expound and apply governing principles of law, see N.L.R.B. v. Brown,380 U.S. 278, 291 (1965); Wilson v. Freedom of InformationCommission, 181 Conn. 324, 342-43 (1980); Board of Education v.State Board of Labor Relations, 201 Conn. 685, 698-99 (1986). The Connecticut Supreme Court has recently explicated this principle in Bridgeport Hospital v. Commission on Human Rights andOpportunities, 232 Conn. 91, 110 (1995), noting that "a trial court may properly give deference to the agency charged with enforcement of a statute when there are two equally plausible interpretations of the statutory language." The Supreme Court has characterized its ruling in Starr v. Commissioner ofEnvironmental Protection, 226 Conn. 358, 376 (1993) as an instance of such deference. Id.
Since only licensed master barbers were granted certificates of registration to operate barber shops when the legislation now codified as § 20-238(b) was enacted, the agency's limited construction of the exemption clause is entirely plausible, and, in fact, more plausible than the plaintiff's interpretation that the General Assembly was granting an exemption from licensing to persons who had not complied with the licensing and registration laws in effect on May 17, 1982.
The court finds that the plaintiff has not proven that the agency acted contrary to law in finding that his operation of the Whalley Avenue barber shop without being a licensed barber was a violation of § 20-238(b).
The plaintiff has asserted that the agency may not subject him to penalties for lack of a license because it is impossible for him to obtain a license. He asserts that the licensing statute, § 20-236(a), requires an applicant for a license to demonstrate completion of a course at a Connecticut barber school or barber college and that there are no such institutions in existence. The plaintiff testified at the administrative hearing that he had completed a course of study at a barber college, and there is no factual record to support his presumption that this training would not be recognized by the examining board. The plaintiff also overlooks the fact that § 20-236(a) allows the CT Page 4069-SS requirement of study to be satisfied by a course at an out-of-state barber school the requirements of which are approved by the board with the consent of the commissioner of public health and addiction services. The plaintiff did not indicate that he had applied for a license and been rebuffed on the grounds of the adequacy of his formal training. This court therefore cannot accept as fact his premise that it is impossible for him to obtain a license to practice as a barber.
The foregoing discussion concerns the requirement in §20-238(b) that a person who operates a barber shop be a licensed barber. Chapter 386 contains no exemption to the requirement set forth in § 20-238(a) that a person actually engaging in the occupation of barbering, as opposed to simply operating a shop, must be licensed. Contrary to the plaintiff's claim, licenses are required to engage in the activities of a barber whether or not a person was "operat[ing] a barber shop." The plaintiff has not established any invalidity as to that part of the cease and desist order which orders him not to practice as a barber unless and until he obtains a license.
B. Employment of unlicensed persons to cut hair
The second charge that the agency found to have been proven was that the plaintiff employed unlicensed persons to cut hair in one or more shops that it found that he was operating in New Haven. General Statutes § 20-249 provides for sanctions against any person "who willfully employs a master barber who does not have [a] certificate [of] registration." The terms "certificate of registration" and "license" have been justifiably construed by the agency as being interchangeable.
The record contains substantial evidence to support the agency's finding that the plaintiff was willfully employing unlicensed persons to work as barbers at his Whalley Avenue shop. The plaintiff admitted that unlicensed persons were cutting hair at his shop in 1993 but claimed that he did not "employ" them but rented them barber chairs from which they conducted business as independent contractors. The agency has construed the word "employ" in § 20-249 to include the practice of contracting with others to use chairs or other facilities at a barber shop to engage in the practice of barbering. This court will defer to the construction of § 20-249 by the agency that is charged with enforcing it, especially since the construction favored by the plaintiff would facilitate widespread avoidance of licensing CT Page 4069-TT requirements. Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 496, appeal dismissed, 479 U.S. 1023
(1986).
The plaintiff has not demonstrated the existence of any applicable exemption to § 20-249 that authorized his employment of unlicensed barbers in his shop on Whalley Avenue. Since the sanctions applied have been found to relate to the plaintiff's activities at the Whalley Avenue shop that he admits to be his, it is not necessary to review whether the agency properly found that he was also employing unlicensed barbers at other locations.
Amount of Penalty
The plaintiff has claimed that the penalty imposed on him exceeds the $100 authorized by General Statutes § 20-249. On its face, that statute concerns the imposition of a criminal fine or imprisonment.
The agency's issuance of a cease and desist order and imposition of a fine against the plaintiff was not based on the penalty provisions of § 20-249, however, but on the civil penalty provisions of General Statutes § 19a-11 and §19a-17(6), which authorized the agency to assess a "civil penalty of up to ten thousand dollars." This court will not disturb the agency's determination of the penalty necessary to secure the plaintiff's compliance with the licensing requirements for barbers and operators of barber shops.
Conclusion
The appeal is dismissed.
Beverly J. Hodgson Judge of the Superior Court