[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Captain Thomas J. Walker, appeals an order of the defendant Department of Transportation[1], suspending the plaintiff's Connecticut State pilot's license for a period of ten (10) days. The plaintiff appeals pursuant to General Statutes § 15-13 (e) and § 4-183. The parties have filed briefs and argument was heard by this court on December 10, 1996. For the reasons stated below, the appeal is sustained.
I. Facts
On August 3, 1994, a hearing was held by an adjudicator designated by the commissioner of transportation to determine whether the plaintiff's Connecticut State pilot's license should be suspended for failure to file an incident report within seven (7) days as allegedly required by § 15-15a-11 of the Regulations of Connecticut State Agencies (the Regulations).[2]
(Return of Record [ROR], Item R-1.) The defendant's Final Decision suspending the plaintiff's license for a period of ten (10) days was rendered on January 9, 1996.[3] (ROR, Item R-22.) The authority for the suspension is claimed to be found in General Statutes § 15-13 (e)[4] and in § 15-15a-12 of the Regulations.[5] (ROR, Item R-22)
On February 13, 1996, after timely service of process on the necessary parties, the plaintiff filed the present appeal. A revised complaint filed on February 21, 1996 alleges that the incident which resulted in the suspension does not fall within the purview of § 15-15a-11 of the Regulations.
On March 20, 1996, the defendant filed its answer. The plaintiff CT Page 1850 filed his brief on April 18, 1996; the defendant's brief was filed on May 13, 1996. The court has carefully considered the testimony and evidence contained in the entire case, the record, the parties' briefs and their oral arguments.
II. Jurisdiction
Appeals from a final decision of an administrative agency may be taken to the superior court. General Statutes § 4-183 (a). "Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal must be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . ." (Citations omitted; internal quotation marks, omitted.) Citizens Against PollutionNorthwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152,584 A.2d 1183 (1991).
A. Aggrievement
"Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." Light Rigging Co. v. Department of Public Utility Control,219 Conn. 168, 172, 592 A.2d 386 (1991) "[T]he fundamental test for determining aggrievement encompasses a well settled two-fold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision. . . ." (Internal quotation marks omitted.) Id., 173. Finally, "aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Id.
Suspension of a pilot's license constitutes an adverse effect upon a specific, legal, and personal interest sufficient to satisfy the aggrievement requirement of General Statutes § 4-183. See Marshallv. DelPonte, 42 Conn. Sup. 602, 606, 634 A.2d 918 (1991) (suspension of motor vehicle operator's license is aggrievement under the UAPA). Since the commissioner's decision, if upheld, will result in the plaintiff's license being suspended for ten (10) days, this court finds that he is an aggrieved party who is entitled to CT Page 1851 bring this appeal under General Statutes § 15-13 (e) and § 4-183.
B. Timeliness and Service of Process
General Statutes § 4-183 (c) requires that "[w]ithin forty-five days after mailing of the final decision under section 4-180 . . . a person appealing shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the Superior Court for the judicial district of Hartford-New Britain. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision. . . ."
The Final Decision is dated January 9, 1996. (ROR, Item R-22.) "Where there is no mailing date indicated in the record, it is appropriate for the reviewing court to utilize the date of the final decision in determining if service was made within the statutorily prescribed time." Greater Bridgeport Transit District v. State Board of LaborRelations, 43 Conn. Sup. 340, 347, 653 A.2d 229 (1993).
The present appeal was served on the defendant on February 2, 1996.[6] (Sheriff's Return of Service.) The appeal was filed with the clerk of the superior court for the judicial district of Hartford-New Britain on February 13, 1996. Accordingly, this court also finds that the appeal is timely served.
Consequently, since this court has found both that the plaintiff is aggrieved and that his appeal was timely served, this court has jurisdiction.
III. Scope of Review.
In general, judicial review of an administrative agency's action is governed by the Uniform Administrative Procedure Act General Statutes § 4-166, et seq.; and . . . the scope of review is limited."Ottochian v. Freedom of Information Commission, 221 Conn. 393,397, 604 A.2d 351 (1992). The court may only decide "whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion." Id. Absent evidence of such abuse, "[t]he court shall affirm the decision of the agency. . . ." General Statutes § 4-183 (j).
However, "the question of whether a regulation applies in a particular case is a question of law. . . ." (Citations omitted.) Diamondv. Marcinek, 226 Conn. 737, 744, 629 A.2d 350 (1993). Consequently, CT Page 1852 a case such as the present case which involves "a pure question of law . . . invokes a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference." (Citation omitted; internal quotation marks omitted.) Department ofAdministrative Services v. Employees' Review Board,226 Conn. 670, 678-79, 628 A.2d 957 (1993). The court's review of such matters is "de novo." Diamond v. Marcinek, supra,226 Conn. 744.
IV. Discussion
On a factual level, this case involves the hazards of the high seas. From a legal perspective, this court is required to navigate through previously uncharted waters, since § 15-15a-11 of the Regulations has never previously been the subject of judicial scrutiny. Therefore, this is a case of first impression in Connecticut, and this court's review is de novo. The salient facts of this case are not disputed by the parties. The plaintiff is licensed as a marine pilot by the State of Connecticut. (ROR, Item 4.) On March 22, 1994, the plaintiff was to pilot the Ulyanovsk, a vessel of foreign registry, from international waters into port at New Haven Harbor. (ROR, Item R 10.) The plaintiff was scheduled to meet the Ulyanovsk at a point approximately seven miles southeast of Montauk Point. (ROR, Item R-10.) Accompanied a by his boat operator and apprentice operator, the plaintiff sailed to the rendezvous location aboard his own forty-six foot pilot boat. (ROR, Items R-12 and R-15, p. 49.)
At some point between 10:51 a.m. and 12:01 p. m.,[7] approximately two hundred feet from the vessel,[8] the plaintiff fell overboard from his pilot boat into the Atlantic Ocean. (ROR, Items R-10 and R-12.) The plaintiff recounted in a July 21, 1994 letter to the defendant that "[t]he accident was caused by carelessness on my part — I briefly let go of the hand rails to zip up my flotation jacket just as the boat rolled (this was something I should have done inside the boat)." (ROR, Item R-12.) The plaintiff was in the water for approximately 15 minutes before he was rescued by his own pilot boat. (ROR, Item R-12.) The Ulyanovsk was aware of the situation and participated in the rescue operation. (ROR, Items R-10 and R-12.)
After he was back on board his pilot boat, the plaintiff ordered CT Page 1853 the Ulyanovsk to sail to the western side of Block Island where he then met and boarded the vessel without incident. The plaintiff thereafter took control of the Ulyanovsk and piloted it into New Haven Harbor. (ROR, Item R-10.)
The plaintiff did not immediately report the occurrence to the defendant. David Rossiter, who is employed by the defendant as a Harbor Liaison Officer, was informed of the occurrence by another pilot sometime in April of 1994. (ROR, Item R-15, p. 13, 19-20.) Mr. Rossiter thereafter contacted the plaintiff and requested that he file a written report of the incident. (ROR, Item R-7.) There was an ensuing exchange of communications between the two men in which the plaintiff questioned the state's authority to require such a report and Mr. Rossiter persisted in his demand that the plaintiff file a report. (ROR, Items R-8 and R-9.) The plaintiff filed his written account of the incident in July of 1994 after learning that the defendant was initiating administrative proceedings against him as a result of his failure to report the incident. (ROR, Items R-12 and R-14.)
The defendant subsequently held the administrative hearing, found that the plaintiff had violated § 15-15a-11 of the Regulations by failing to make a timely report, and imposed the ten (10) day license suspension. (ROR, Item R-22.) It is from those findings and sanction that the plaintiff brings this appeal.
The only act or omission cited in the notice of hearing was the plaintiffs alleged failure to report the March 22, 1994 incident in which he fell overboard from his pilot boat. (ROR, Item R-1.) Since the plaintiff was charged with a violation of the reporting requirements contained within § 15-15a-11, it is only as violation of this section that may give rise to any disciplinary action against him.
Section 15-15a-11 is entitled "Reporting marine incident" and specifies the various reporting requirements for "[a]ll collisions, groundings, strandings or other marine perils sustained by vesselson which there was employed a licensed state pilot." The section concludes by providing that, "[w]hen a State pilot is involved in a marine incident outside of Connecticut State waters, the State Pilot must report the incident to the Commissioner within (7) days.
"When interpreting regulations, if the provisions are reasonably clear, we need not engage in further construction to ascertain CT Page 1854 their meaning." Diamond v. Marcinek, supra 226 Conn. 744.
By the clear language of § 15-15a-11, the reporting requirement ripens only if the occurrence is sustained by a vessel "on which there was employed" a Connecticut State licensed pilot.[9]
At the time he was swept overboard, the plaintiff was on board his own pilot boat, approximately 100 feet from the Ulyanovsk, and he was rescued by his own pilot boat. (ROR, Item R-15, p. 20.) The entire incident took place prior to the commencement of his employment aboard the Ulyanovsk.
The court finds that the plaintiff was not, at the time of this occurrence, employed on board the Ulyanovsk. Accordingly, this court also finds that, by to the clear language of §15-15a-11 of the Regulations, the plaintiff had no duty to report this occurrence because the facts giving rise to this occurrence do not fall within the purview of § 15-15a-11 of the Regulations. Therefore, this court's analysis may end here.
This court is mindful of the defendant's interest in preventing State licensed pilots who may be impaired due to hypothermia or other conditions sustained prior to boarding a vessel from piloting that vessel into a potentially dangerous situation. However, the plaintiff was cited in this matter only for his failure to report the fact that he fell off his pilot boat, and not for any other transgression or negligent action. This court will not extend the defendant's regulation to permit it to take punitive measures for conduct not proscribed therein.
VII. Conclusion
In conclusion, this court finds that the occurrence at issue in this case is not the type of marine incident specified by the clear language of § 15-15a-11 of the Regulations. Consequently, as a matter of law, there is no authority for the suspension of the plaintiff's Connecticut State pilot's license for an alleged violation of § 15-15a-11.
Accordingly, for the foregoing reasons, the plaintiff's appeal is sustained.
Dyer, J.