PHILIP OTTOCHIAN *v.* FREEDOM OF INFORMATION
COMMISSION ET AL.
(14347)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and BERDON, Js.

Argued December 6, 1991—decision released March 10, 1992

*William J. Dolan,* for the appellant (plaintiff).

*Regina M. Hopkins-Griggs,* commission counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellee (named defendant).

*George L. Bozzi, Jr.,* pro se, the appellee (defendant).

BERDON, J. This is an administrative appeal from a decision of the defendant freedom of information commission (FOIC) ordering the superintendent of the Wallingford public school system to disclose, under the Freedom of Information Act (FOIA),[1] portions of two pieces of correspondence concerning a violation of a Connecticut Interscholastic Athletic Conference (CIAC) regulation committed by Lyman Hall High School. The correspondence also contained comments about the performance and evaluation of the plaintiff, Philip Ottochian, a teacher, football coach and athletic director at the high school. The principal issue is whether the entire correspondence, portions of which concern matters of teacher performance and evaluation and portions of which concern nonevaluative information, is exempt from disclosure pursuant to General Statutes § 10-151c.[2] The trial court dismissed the plaintiff's

[1] The Freedom of Information Act in its entirety is found in General Statutes §§ 1-15, 1-18a through 1-19b, 1-20a through 1-21a, and 1-21c through 1-21k.

[2] General Statutes § 10-151c provides: "Any records maintained or kept on file by any local or regional board of education which are records of teacher performance and evaluation shall not be deemed to be public records and shall not be subject to the provisions of section 1-19, provided that any teacher may consent in writing to the release of his records by a board

appeal from the FOIC's order of disclosure. He then appealed to the Appellate Court, and we transferred his appeal to this court pursuant to Practice Book § 4023. We affirm the judgment of the trial court.

The relevant facts are as follows. On November 4, 1988, a defendant, George L. Bozzi, Jr., requested that Robert Nicoletti, the superintendent of the Wallingford public school system (superintendent), provide him with copies of all correspondence between Lyman Hall High School and the CIAC concerning any violation of CIAC regulations by the school's football team in 1987. The superintendent denied the request, claiming that the documents were exempt from disclosure pursuant to General Statutes §§ 10-151c and 1-19 (b) (2).[3] Bozzi filed a complaint with the FOIC.

The FOIC held a hearing and granted the plaintiff party status. At this hearing, Bozzi clarified his request, stating that he was seeking recorded information concerning the violations only and the subsequent reporting of those violations. He further stated that he was not seeking any information concerning an evaluation of the plaintiff's performance. After hearing testimony, the FOIC found that the requested information was

of education. Such consent shall be required for each request for a release of such records. For the purposes of this section the term 'teacher' shall include each certified professional employee below the rank of superintendent employed by a board of education in a position requiring a certificate issued by the state board of education."

General Statutes § 1-19 (a) of the FOIA provides in part: "Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours . . . ."

[3] General Statutes § 1-19 (b) provides in pertinent part: "Nothing in [the Freedom of Information Act] shall be construed to require disclosure of . . . (2) personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ."

contained in two letters, and that portions of those letters concerned the plaintiff's performance as the football coach, while other portions concerned a violation of the CIAC regulation and, therefore, did not evaluate the plaintiff's performance.[4] Although the FOIC concluded that § 1-19 (b) (2) was inapplicable in this case, it decided that the evaluative information in the letters was exempt from disclosure pursuant to § 10-151c. The FOIC ordered the superintendent to provide Bozzi with redacted copies of the letters masking the evaluative portions.

The superintendent sent Bozzi redacted copies of the letters and Bozzi appealed to the FOIC alleging that the superintendent had failed to comply with its order in that he redacted information that was not evaluative. The FOIC held a second hearing and the plaintiff was again granted party status. At the hearing, the FOIC reviewed the redacted versions of the letters. The FOIC also conducted an in camera inspection of the original letters in their unredacted form and found that "much of the information the [superintendent] redacted [was] not evaluative within the meaning of § 10-151c." The FOIC concluded that the superintendent had failed to comply with its first order, and designated a line-by-line order specifying those portions of the letters that the superintendent should redact.

The plaintiff appealed the FOIC's decision to the Superior Court, and that court issued a stay of enforcement of the FOIC's order. After taking evidence and hearing argument, the trial court concluded that the findings of the FOIC were not clearly erroneous, arbi-

---

[4] The two letters, which are the subject of this appeal, are an October 15, 1987 letter from the Lyman Hall High School principal, Dale Wilson, to the CIAC, and an October 19, 1987 letter from the CIAC to Wilson. In making its first determination, the FOIC relied on general testimony concerning the letters and at that time it had not conducted an in camera inspection of the letters.

trary, capricious or an abuse of discretion. The trial court, therefore, dismissed the plaintiff's appeal.

In his appeal to this court, the plaintiff claims that when any evaluative information pertaining to a teacher appears in a document, the entire document is a "record" for purposes of § 10-151c, and, therefore, is exempt from disclosure. In the alternative, the plaintiff argues that, if § 10-151c does not bar disclosure of the document in its entirety, then the FOIC, before it may release a redacted version of the document, must first determine that it is "virtually impossible" to glean evaluative information from the nonevaluative portions of the document. We disagree with the plaintiff.

We review the merits of the plaintiff's claims in the context of two underlying principles. First, we note that judicial review of an administrative agency's action is governed by the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; and that the scope of review is limited. *Board of Education* v. *Freedom of Information Commission,* 208 Conn. 442, 452, 545 A.2d 1064 (1988). Accordingly, we must decide, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. *Cos Cob Volunteer Fire Co. No. 1, Inc.* v. *Freedom of Information Commission,* 212 Conn. 100, 104–105, 561 A.2d 429 (1989). "Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 774, 535 A.2d 1297 (1988). "Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . ." (Internal quotation marks omitted.) *Board of Education* v. *Freedom of Information Commission,*

supra, quoting *C & H Enterprises, Inc.* v. *Commissioner of Motor Vehicles,* 176 Conn. 11, 12, 404 A.2d 864 (1978).[5]

Second, it is well established that the general rule under the Freedom of Information Act is disclosure, and any exception to that rule will be narrowly construed in light of the "general policy of openness expressed in the FOIA legislation." *Board of Education* v. *Freedom of Information Commission,* supra, 450. "The burden of proving the applicability of an exception to the FOIA rests upon the party claiming it." *Rose* v. *Freedom of Information Commission,* 221 Conn. 217, 232, 602 A.2d 1019 (1992).

## I

General Statutes § 10-151c provides that records of teacher performance or evaluation maintained by boards of education are not discoverable pursuant to the FOIA. In exempting these records of teacher performance and evaluation, the legislature chose neither to provide criteria for determining what documents constitute such records nor to define the term "records." "When the legislature uses a broad term . . . in an administrative context, without attempting to define that term, it evinces a legislative judgment that

---

[5] We are not persuaded by the plaintiff's claim that the usual deference to an administrative decision is unwarranted in this case. The plaintiff argues that by enacting General Statutes § 10-151c, the legislature made "crystal clear" that records of teacher performance and evaluation are not governed by the FOIA and, therefore, do not fall within the jurisdiction of the FOIC. The plaintiff's argument fails because the language of § 10-151c specifically refers to General Statutes § 1-19 of the FOIA. Moreover, the FOIC has jurisdiction over matters that come within § 1-19 (b) (2), which sets forth exceptions to the FOIA. By enacting § 10-151c to clarify its earlier legislative intent in enacting § 1-19 (b) (2); *Board of Education* v. *Freedom of Information Commission,* 210 Conn. 590, 594, 556 A.2d 592 (1989); the legislature clearly intended the FOIC to have jurisdiction over matters that may present an exception to the FOIA under § 10-151c.

the agency should define the parameters of that term on a case-by-case basis." *Cos Cob Volunteer Fire Co. No. 1, Inc.* v. *Freedom of Information Commission,* supra, 106. The FOIC, therefore, was left with the task of determining whether the letters in the present case were "records of teacher performance and evaluation" within the broad meaning of that term. The practical construction placed on the statute by the agency, if reasonable, is highly persuasive. Id.

In the present case, the FOIC's determination that the legislature did not intend to exempt from disclosure nonevaluative information from a letter pertaining to a teacher is reasonable, and thus, we will not disturb it. This court was presented with a similar situation in *Cos Cob Volunteer Fire Co. No. 1, Inc.* v. *Freedom of Information Commission,* supra, in which we held that even though General Statutes § 7-314 (b) exempted "operational" meetings of volunteer fire departments from the provisions of General Statutes § 1-21 (a) of the FOIA that require meetings of public agencies be opened to the public, the "non-operational" portions of the meetings should be open. *Cos Cob Volunteer Fire Co. No. 1, Inc.* v. *Freedom of Information Commission,* supra, 106.

The plaintiff further claims for the first time on appeal that our decision in *Chairman* v. *Freedom of Information Commission,* 217 Conn. 193, 585 A.2d 96 (1991), is dispositive of the issue in this case. We are not persuaded. In *Chairman* v. *Freedom of Information Commission,* supra, this court held that the personnel evaluation of a state's attorney was exempt from disclosure pursuant to General Statutes § 1-19 (b) (2) because the disclosure would constitute an invasion of his personal privacy. To establish the applicability of § 1-19 (b) (2), the plaintiff must meet a twofold burden of proof. "First, [he] must establish that the [letters] in question are within the categories of files

protected by the exemption . . . . Second, [he] must show that disclosure of the records would constitute an invasion of personal privacy." (Internal quotation marks omitted.) *Chairman* v. *Freedom of Information Commission,* supra, 196.

In the present case, the plaintiff failed to make this claim before the FOIC during the second hearing, and he did not pursue this claim before the trial court; accordingly, he is precluded from doing so at this time. See *Burnham* v. *Administrator,* 184 Conn. 317, 322–23, 439 A.2d 1008 (1981). Furthermore, there is nothing in the record to support the applicability of § 1-19 (b) (2). First, the plaintiff has made no showing in the record that the letters in issue constitute a part of his personnel files. Second, there is nothing in the record to support the claim that the letters, as redacted by the FOIC's second order, would constitute an invasion of his personal privacy.[6] The plaintiff's argument, therefore, is unavailing.

We conclude that a document, portions of which concern matters of teacher performance and evaluation and portions of which concern nonevaluative information, is not exempt from disclosure in its entirety pursuant to § 10-151c.

## II

The plaintiff urges this court to adopt the requirement that each time the FOIC exercises its discretion by ordering the partial release of information, it must first make the determination that the disclosure would not inadvertently reveal protected information. This argument, which relies on our holding in *Maher* v. *Free-*

---

[6] In its decision on the first hearing, the FOIC summarily dismissed this claim when it came to the following conclusion: "It is found that the disclosure of the information that pertains only to the team's violations of CIAC regulations and does not evaluate the coach's performance could in no way invade the personal privacy of the coach."

*dom of Information Commission,* 192 Conn. 310, 472 A.2d 321 (1984), is without merit. In *Maher,* we reversed the FOIC's order to the department of income maintenance to make available to a newspaper certain information regarding medication prescribed for state Medicaid recipients. The issue before this court was whether the information requested by the newspaper was "so pervasive an inquiry" that it could inadvertently lead to the disclosure of information protected by General Statutes § 17-83 (b)[7] namely, the identities of Medicaid recipients. Id., 319. In *Maher,* we found that the newspaper's request created a risk of "indirect disclosure" of the protected information, and that "[c]ourts in other jurisdictions have required the record to show the virtual impossibility of identifying individual patients from the records whose release has been ordered." Id., 320.

The language that the plaintiff relies on in *Maher* pertains uniquely to the requirements of strict confidentiality under § 17-83 (b) and the facts of that case. Because the FOIA clearly reflects a policy in favor of

---

[7] General Statutes § 17-83 (b) provides: "No person shall, except for purposes directly connected with the administration of this chapter and in accordance with the regulations of the commissioner, solicit, disclose, receive or make use of, or authorize, knowingly permit, participate in or acquiesce in the use of, any list of the names of, or any information concerning, persons applying for or receiving assistance under this chapter, directly or indirectly derived from the records, papers, files or communications of the state or its subdivisions or agencies, or acquired in the course of the performance of official duties; provided the state department of income maintenance shall disclose to any authorized representative of the commissioner of administrative services or the commissioner of public safety such information as the state commissioner of income maintenance determines is directly related to and necessary for the department of administrative services or the department of public safety for purposes of performing their functions of collecting social services recoveries and overpayments or amounts due as support in social services cases, investigating social services fraud or locating absent parents of public assistance recipients; and provided no such representative shall disclose any information obtained thereby except to carry out such purpose."

disclosure; *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 328, 435 A.2d 353 (1980); we will not dilute its purpose by imposing artificial requirements on the FOIC that are not clearly required by the statute. We refuse to extend our holding in *Maher* to require a determination that it is "virtually impossible" to ascertain protected information from that portion of any document that is disclosed.

Accordingly, the judgment is affirmed.

In this opinion the other justices concurred.