[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case is an appeal from the decision of the Freedom of Information Commission dismissing the plaintiff's complaint alleging violation of the Connecticut Freedom of Information Act in connection with an executive session of a meeting held by the Farmington Town Council and its members, Evan Cowles, Robert DiPietro, Elizabeth Gray, Leon Mascolo, and Arlene Whitaker and town manager Thomas Wontorek (collectively referred to herein as "council") on April 26, 1994.
History of the Proceedings
On May 25, 1994, the plaintiff, Kenneth T. Johnson, Jr., filed a complaint with the defendant Freedom of Information Commission ("FOIC") alleging that the council had on April 26, 1994 discussed matters in executive session that were not authorized to be so discussed out of the public session, that the council had improperly allowed some persons to remain at the executive session, that it had issued a misleading agenda as to the topics to be discussed in executive session, and that it had failed to notify an employee who was discussed in executive session that he had a right to require that the discussion take place in open session.
The FOIC conducted a hearing on January 10, 1995 and issued a CT Page 4034-I final decision on May 18, 1995. It issued a "Corrected Final Decision" on May 22, 1995, from which this appeal is taken.
Aggrievement
Aggrievement is not contested as to the agency's disposition of three of the four issues raised by the plaintiff in his complaint to the FOIC. The fourth issue is the alleged failure of the respondents to notify one of the persons who was present at the executive session that he had a right to have the matters discussed in public session instead of in executive session. In its Answer to the Appeal the FOIC denied the plaintiff's allegation of aggrievement, noting in its brief at page 12 that the right to be notified of the option to have a personnel discussion conducted in public session is a right that "belongs to the employee discussed, not the public at large," and that the plaintiff lacks standing as to that issue.
The plaintiff testified on the issue of aggrievement. On the basis of his testimony, the court finds that he was not employed by the Town of Farmington at the time of the meeting at issue and that he was not a "public officer or employee" within the meaning; of General Statutes § 1-18a(e). That statute provides for meetings of a public agency in executive session to discuss, inter alia, the performance or employment of "a public officer or employee, provided that such individual may requirethat discussion be held at an open meeting." [Emphasis supplied]. The plaintiff claims that Mr. Erickson was not notified of his right to require an open meeting and therefore did not exercise that option and that the plaintiff was thereby aggrieved.
The right to notice at issue here is a right that the Freedom of Information Act on its face grants not to the public at large but to the town official or employee whose performance or employment is to be discussed. As the statute is written, if the public; employee fails to ask that the discussion be in open session, members of the public have no right to so require over the wishes of the public employee.
The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, "the party claiming aggrievement and successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguishable from a general interest, such as is the concern of all members of the community as a whole. Second, the party CT Page 4034-J claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision." Light Rigging Co. v.Department of Public Utility Control, 219 Conn. 168, 173 (1991), quoting State Medical Society v. Board of Examiners in Podiatry,203 Conn. 295, 299-30 (1987). See also New England RehabilitationHospital of Hartford, Inc. v. Commission on Hospitals and HealthCare, 226 Conn. 105 (1993).
The personal and legally protected interest in requiring an open hearing is one granted by law not to members of the public but to the public employee whose performance and employment are under discussion by a public agency. A party to an administrative proceeding may be aggrieved as to some claims or issues, but not as to others, depending on whether the statute at issue allocates particular rights or entitlements to all persons affected or only to specific classes of persons affected. For example, in UnitedCable Television Services Corp. v. Department of Public UtilityControl, 235 Conn. 334 (1995), the Supreme Court approved the trial court's finding that a plaintiff had standing to appeal only as to some of the issues raised but that it had properly been found not to have fulfilled the second part of the test of aggrievement, set forth above, as to some of the claimed procedural errors.
Section 1-18a(e) gives the public officer or employee, not the public as a whole, a right to require a discussion about her or her employment and performance to be held in open session and, by inference, the right to notice of that right. The plaintiff is not within the class of persons granted the procedural right at issue. While the plaintiff might have been a beneficiary if Mr. Erickson or any other public employee being discussed had demanded an open session, the record does not indicate that Mr. Erickson ever so requested.
The court finds that the plaintiff has failed to prove that he is aggrieved as to the issue of notice to others, and the court therefore lacks jurisdiction as to this claim, since the court's powers of review of the decisions of administrative agencies are limited to those appeals brought by "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision. . . ." General Statutes § 4-183 (a).
Standard of Review
CT Page 4034-K
Judicial review of the adjudications of administrative agencies is governed by the, Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. The reviewing court must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. General Statutes § 4-183
(j); Connecticut Alcohol Drug Abuse Commission v. Freedom ofInformation Commission, 233 Conn. 28, 39 (1995); Ottochian v.Freedom of Information, 221 Conn. 393, 397 (1992).
The reviewing court is not to retry issues of fact or to substitute its weighing of the evidence for that of the agency. General Statutes § 4-183 (g); Ottochian v. Freedom ofInformation Commission, 221 Conn. 397; All Brand Importers, Inc.v. Department of Liquor Control, 213 Conn. 184, 192-93 (1989). The issue is not whether the court would have reached the same conclusions as the agency as to the credibility of witnesses or the weight of the evidence, but whether, in view of all of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, appeal dismissed, 479 U.S. 1023 (1986). As to factual conclusions by an administrative agency, the role of the reviewing court is to determine whether those conclusions are supported by substantial evidence. Connecticut Light Power Co. v. Department of PublicUtility Control, 216 Conn. 627, 639 (1990).
The "substantial evidence" standard requires that the administrative decision be upheld "[i]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding." Connecticut BuildingWrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). The substantial evidence standard is satisfied if the record provides a "substantial basis of fact from which the fact in issue can be reasonably inferred." Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307, 315 (1991); Lawrence v. Kozlowski,171 Conn. 705, 713 (1976), cert. denied, 431 U.S. 969 (1977).
Issues of law involve a broader standard of review than applies to review of factual determinations. Starr v.Commissioner of Environmental Protection, 236 Conn. 722, 736
(1996). Except where the agency has failed to interpret a statute in accordance with general principles of statutory construction or where a state agency's determination of an issue of law has CT Page 4034-L varied or has not been previously subjected to judicial scrutiny, special deference is to be given to the construction of a regulatory statute by the agency charged with its enforcement.Connecticut Alcohol Drug Abuse Commission v. Freedom ofInformation Commission, 233 Conn. 28, 39 (1995); Starr v.Commissioner of Environmental Protection, 236 Conn. 736; City ofHartford v. Freedom of Information Commission, 41 Conn. App. 67,72-73 (1996).
Where a statutory provision is subject to more than one plausible construction, the one favored by the agency charged with enforcing the statute will be given deference. BridgeportHospital v. Commission on Human Rights Opportunities, 232 Conn. 91,110 (1995); Starr v. Commissioner of EnvironmentalProtection, 226 Conn. 358, 376 (1993).
A. Claim of discussion of topics not authorized for executive session
The plaintiff claims that the town council discussed in executive session subjects which are not among those for which General Statutes § 1-18a(e) authorizes such nonpublic discussions by public agencies. The agenda for the special meeting at which the executive session at issue took place identified agenda item B as follows:
 B. Adjourn to Executive Session Regarding the Performance of a Public Employees [sic]
A second page of the agenda for the special meeting indicated that attendance at the executive session would be limited to the council members, the town manager, the fire marshal/fire chief, and the chiefs of the three fire houses whose working relationships, were at issue. (Record Document 16).
The plaintiff claimed that the scope of the executive session was not confined to the announced topic but included general issues of organization and operation of fire service functions that were listed on the agenda for the meeting as topics to be discussed in public session.
The issue whether the council took up in executive session topics not authorized for such sessions is a factual issue. The town council took the position that it had discussed in executive session only matters authorized by the following portion of General Statutes § 1-18a(e): CT Page 4034-M
 "Executive session" means a meeting of a public agency at which the public is excluded for one or more of the following purposes: (1) Discussion concerning the appointment, employment, performance, evaluation, health or dismissal of a public officer or employee, provided that such individual may require that discussion be held at an open meeting. . . .
The plaintiff presented the testimony of a witness who was present at the executive session, Bernard Erickson, a chief of one of the firehouses recently integrated into a townwide fire service structure, who testified to the effect that the topics discussed in executive session as well as in the later open session included the items listed on the agenda as item C:
 C. Discussion and Possible Action on the Following Aspects of the Fire Service:
1. Southwest Fire House
2. Future Fire Staffing
3. Communications with Volunteers
4. Fire Equipment Needs/Priority
5. Coordination of Fire Units
(Record, Doc. 16, Doc. 21, pages 31-32). On cross examination, the witness agreed that at the executive session those present "were participating in a general discussion relating to the problems of integration, the problems between the Fire Marshall and the three fire chiefs and how you were coordinating." (Record, Doc. 21, p. 35.) However he added, without elaborating, that "we did discuss other things. (Record, Doc. 21, p. 35).
Other witnesses who had been present at the executive session testified to the effect that whenever those present began to stray from the issue of the working relationships between the volunteer fire chiefs and the Fire Marshal/Fire Chief and the Town Manager, the chair of the meeting had pointed out that other topics could not be discussed in executive session. (Record, Doc. 21, pp. 39, 62, 72). One witness called by the respondents, Thomas Wontorek, testified to the effect that topics Mr. Erickson CT Page 4034-N recalled as having been discussed in executive session were actually discussed in the public session that followed the executive session. (Record, Doc. 21, p. 43).
The working relationships between formerly autonomous officials working in a newly combined system was a matter closely connected to the new structure itself. Apparently recognizing the closeness of the issues and the difficulty of characterizing them that may have been reflected in the testimony, the agency made the factual finding that the executive session had not been used to discuss topics other than those identified on the agenda and authorized by § 1-18a(e). While the evidence is not uniformly supportive of this finding, this court finds that the agency apparently placed greater credence in those witnesses who state that the topics of discussion were properly restricted to issues of performance. The agency's determination is supported by substantial evidence.
B. Claim of including persons beyond the need for their attendance at an executive session
The plaintiff claims that the agency acted contrary to law and erroneously in failing to find that the council included town employees at the executive session beyond the need for their participation, in violation of General Statutes § 1-21g. The agency found in its corrected final decision that the discussion at the executive session "focused on the performance of the fire marshal and fire chiefs and how each viewed their individual roles, with respect to the Town of Farmington's reorganization of its fire services." (Rec. Doc. 26, para. 11). The agency further found that the persons asked to attend the executive session "did not remain in the executive session for a longer period than was necessary to provide testimony or opinions within the meaning of § 1-21g, G.S." (Record, Doc. 26, para. 16). The testimony at the hearing indicated that the executive session consisted of a discussion among the volunteer fire chiefs, the Town Manager, and the Fire Marshall as to their personal interplay in integrating the various volunteer fire departments into a single town department and that all five of those individuals were needed throughout the discussion to state their opinions. (Record, Doc. 21, p. 62). Contrary to the inference urged by the plaintiff, the council did not hear from each individual in separate testimony but gathered information and opinions through a discussion at which all five of the non-council members participated together. CT Page 4034-O
This court finds that the agency's conclusion that the continued presence of all five individuals throughout the council's executive session did not violate § 1-21g is supported by substantial evidence.
C. Issuance of Misleading Agenda
The final claim that the court finds that the plaintiff has standing to raise is that the town council caused a misleading agenda to be promulgated concerning the April 26, 1994 special meeting, that it thereby violated General Statutes § 1-21
(a), and that the FOIC erred in failing to so rule.
The cited statute provides that notice of a special meeting "shall specify the time and place of the special meeting and thebusiness to be transacted. . . . A public agency may hold an executive session . . . upon an affirmative vote of two-thirds of the members . . . and stating the reasons for such executivesession . . ." [emphasis supplied]. The notice of the special meeting at issue specifically indicated the town council's intention to adjourn to executive session only as to agenda item B. The agenda does not indicate that agenda item C would be taken up in executive session. (Record, Doc. 16). The second page of the agenda further stated that a motion would be made to go into executive session for "Discussion of the employment and performance of public employees" and listed by title the five individuals whose employment and performance of duties was to be discussed. Id. On its face, the agenda differentiated between the item to be discussed in executive session and the other items.
The plaintiff's claim that the notice was misleading is based on his position that the town council discussed more than the announced topic, and that its members went on to discuss in executive session the agenda items listed at paragraph C of the notice as well. The FOIC found as a factual matter that the town council had restricted the discussion in executive session to the topic announced in agenda item B. The plaintiff further contends that the notice was so unclear that it could be read to indicate that the items listed at paragraph C were likewise to be discussed in executive session.
The FOIC found that the notice, as written, indicated that only the items listed in paragraph B of the notice would be discussed in executive session and that the notice was not CT Page 4034-P misleading. (Record, Doc. 26, para. 17-18).[1] The agency's factual conclusion as to the accuracy and clarity of the notice is supported by substantial evidence, including the text of the two-page agenda.
Conclusion
The plaintiff lacks standing to pursue an appeal on the basis of the right to notice of employees discussed in executive session. As to the three issues for which he has established aggrievement, the court finds that the conclusions of the FOIC have not been shown to have violated the standards set forth in General Statutes § 4-183 (j). Accordingly, the appeal is dismissed.
Beverly J. Hodgson Judge of the Superior Court