[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a case of first impression, presenting the contemporary conundrum of whether a transitional living component of a homeless shelter, can constitute an institutional home disqualifying a resident from food stamp eligibility.
The Plaintiff, in the summer of 1995, became unemployed and was evicted from his home. He became depressed and was referred by the psychiatric care evaluator of the Hartford Hospital to the South Park Inn for shelter and social services. He commenced staying at the South Park Inn on September 6, 1995.
The South Park Inn is a charitable shelter with two components: (i) an eighty-five bed emergency shelter for men, women, and children; and (ii) a thirty-three bed transitional living facility (hereinafter "TLF") for men.
The Plaintiff on September 6, 1995 entered the TLF facility and signed an agreement for an eighteen month program in such facility.
The TLF participants reside separately from the emergency shelter inhabitants. All persons staying at the South Park Inn have access to the same meal programs. South Park Inn provides breakfast and dinner to all its residents. CT Page 1896
The Plaintiff, as a participant in the TLF program, had a fixed and regular nighttime residence as well as a fixed mailing address.
The Plaintiff applied for food stamps on December 6, 1995. This application was denied on December 27, 1995, and a request for a "Fair Hearing" on such denial was filed by letter of January 9, 1996. A "Fair Hearing" was held, on February 6, 1996, before a hearing officer for the Respondent State of Connecticut, Department of Social Services (hereinafter "DSS").
The Plaintiff was represented by legal counsel at the "Fair Hearing." He submitted testamentary as well as documentary evidence, and presented argument. The hearing officer rendered a decision on March 27, 1996, confirming the denial of food stamps to Plaintiff. Plaintiff's request for reconsideration dated April 4, 1996, was denied by Defendant on May 1, 1996.
This appeal was timely filed on May 7, 1996 pursuant to General Statutes §§ 17-2 (b) and 4-183. The Record and Answer were filed on October 7, 1996. Briefs were filed by the Plaintiff on November 5, 1996 and Defendant on December 1, 1996. The case was scheduled for oral argument on February 20, 1997. Notice of the hearing was sent to all parties, but no one appeared for the Plaintiff. The court, over the objection of Plaintiff's legal counsel, will decide the case on the basis of the Record and briefs. The Plaintiff's brief challenges several factual findings of the fair hearing officer and disputes the hearing officer's application of the regulations and public policy.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.) Dolgner v.Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review CT Page 1897 of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgner v.Alander, 237 Conn. 272, 281 (1996). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
This court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v. Freedom of Information Commission,221 Conn. 393, 397, 604 A.2d 351 (1992).
The Plaintiff disputes the conclusions that he is provided with the majority of his meals, and that his stay is not temporary.
The undisputed evidence is that South Park Inn provides daily breakfast and dinner. Plaintiff testified that breakfast is only coffee and donuts, which is not worth getting up for
Setting forth coffee and donuts might not meet the standards of nutritionists, or of Mr. Albert; but it is certainly substantial evidence from which DSS could reasonably conclude that breakfast was provided.[1]
Similarly, it is certainly within reason to conclude that two meals per day is a majority of meals.
The Plaintiff also takes DSS to task for concluding that his stay at the Park Street Inn was not temporary. Plaintiff argues that the eighteen month term is the maximum stay and is not guaranteed. Plaintiff's own testimony distinguishes the TLF residential facilities from the CT Page 1898 "shelter portion of the facility" (R. T., p. 5); notes a separate TLF "Service Coordinator," "Program Planner," psychiatric services, and job search supervision. Plaintiff also testified as to TLF that "Yes, it is an eighteen month program. . . ." (R. T., p. 7). The evidence, thus, provides a reasonable basis for the conclusion that the Plaintiff's stay at the Inn was not temporary.
The Defendant, DSS, administers in the State of Connecticut the food stamp program established pursuant to the Food Stamp Act of 1977, 7 U.S.C. § 2011, et seq. DSS is the authorized administer pursuant to General Statutes § 17b-2.
The pertinent statutory provisions addressing food stamp eligibility are 7 U.S.C. § 2012 (1) and (2).
 (1) an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others,
 (2) a group of individuals who live together and customarily purchase food and prepare meals together for home consumption. . . . In no event shall any individual or group of individuals constitute a household if they reside in an institution or boarding house, or else live with others and pay compensation to the others for meals. For the purposes of this subsection . . . residents of public or private non profit shelters for individuals who do not reside in permanent dwellings or have no fixed mailing addresses, who are otherwise eligible for coupons. . . . shall not be considered residents of institutions and shall be considered individual households.
The Connecticut Uniform Policy Manual regulations implementing the federal law U.P.M. § 3015.15 provide:
 Residents of institutions which provide more than 50% of three meals per day are not eligible to participate in the Food Stamp Program, except for. . . . E. homeless individuals staying in a shelter for the homeless on a temporary basis.[2]
CT Page 1899
An administrative agency's regulations are presumed valid, and unless they are shown to be inconsistent with the authorizing statute, they have the force and effect of a statute. Phelps Dodge Copper Products Co. v. Groppo,204 Conn. 122, 128 (1987); Travelers Ins. Co. v. Kulla,216 Conn. 390, 399 (1990); Mass. v. United States Fidelity Guaranty Co., 222 Conn. 631, 649 (1992). "A person claiming the invalidity of a regulation has the burden of proving that it is inconsistent with or beyond the legislative grant." Aaron v. Conservation Commission, 183 Conn. 532,537 (1981).
In reviewing the actions of an administrative agency courts are to accord great deference to the construction given a statute by the agency charged with its enforcement.Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993).
DSS has distinguished between residents of TLFs and temporary residents of homeless shelters. This distinction is made by the facilities themselves and is contained in the federal regulatory definitions of "homeless" person.[3]
Plaintiff argues that denying his claim for food stamps would contravene a policy trend towards expanding eligibility for food stamps for residents of transitional housing. If such a policy were evident,[4] it would not control over the express regulatory distinction between temporary and non-temporary shelter residents.
The Plaintiff is not eligible for food stamps as he is a resident of an institution which provides more than fifty percent of his meals and is not a temporary homeless shelter resident.
The appeal is dismissed.
Robert F. McWeeny, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1908