[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this administrative appeal a state employee union (Connecticut State Employees Association (hereinafter C.S.E.A.) is seeking the payment to certain of its members of lump sums following expiration of a collective bargaining agreement. The lump sums of 2.5% of annual salary were paid pursuant to a collective bargaining agreement to employees at the maximum step of the salary schedule who received no annual increment or step advancement.[1] The contract between the C.S.E.A. and the state had expired. The annual increment or lump sum payment were typically paid concomitant with the fiscal year on July 1.
A general principal of American labor law recognizes that in a collective bargaining context, terms and conditions of employment may only be changed through the collective bargaining context. Thus, an employer may not change terms and conditions of employment even after the expiration of employment without union agreement or an impasse in negotiations. Existing provisions of a collective bargaining agreement may thus continue in force after the expiration of the specific contract term. Board of Educationv. State Board of Labor Relations, 217 Conn. 110, 120 (1991);Hartford Principal Supervisors Association v. Shedd,202 Conn. 492, 503 (1987); Board of Education v. Connecticut State Board ofLabor Relations, 190 Conn. 235, 241-42 (1983); N.L.R.B. v. AcmeIndustrial Co., 385 U.S. 432, 436 (1967); Fafnir Bearing Co. v.
CT Page 7559N.L.R.B., 332 F.2d 716, 717 (2d Cir. 1966).
The legislature, in an effort to clarify the law in state employee collective bargaining, enacted General Statutes §5-278a (P.A. 79-621, P.A. 86-411 and P.A. 93-80) to specifically address any interim period between when a state employee agreement expires and a new agreement has been approved.
This case arises from the changes in the law brought about by P.A. 93-80. Prior to January 1, 1994 the effective date of P.A. 93-80; there was no specific limitation as to the contract provisions which continued in effect, between the expiration of a collective bargaining agreement term and the approval of a successor agreement. P.A. 93-80 revised § 5-278a to indicate that "the provisions of an expired agreement concerning (1) salary, excluding annual increments, (2) differentials, (3) overtime, (4) longevity, and (5) allowance for uniforms . . . shall remain in effect until such time as a new agreement. . . ."
The union argues that salary includes the lump sum payments given to employees on the maximum step of the salary schedule in lieu of annual increments. The union took their claim to the Connecticut State Board of Labor Relations (S.B.L.R.), pursuant to General Statutes § 5-272, alleging a prohibited practice in the state's failure to pay lump sum payments.[2]
The S.B.L.R. in their decision dated August 6, 1996 rejected the union's claim. The union appealed the decision on September 19, 1996. The Record was filed November 22, 1996. Briefs were filed by the Plaintiff on January 2, 1997 and the S.B.L.R. on April 9, 1997. The parties were heard at oral argument on July 16, 1997.
The employer argued and the state ruled that the lump sum payments were not included in the contract items which remained in effect after the contract expiration and 5-278a.
The court concurs with the S.B.L.R. construction of the statute and dismisses the appeal.
"Our resolution of this issue is guided by the limited scope of judicial review afforded by the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; to the determinations made by an administrative agency. [W]e must decide, in view of all of the evidence, whether the agency, in CT Page 7560 issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v. Freedom of InformationCommission, 221 Conn. 393, 397, 604 A.2d 351 (1992). Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . New Haven v. Freedom of Information Commission,205 Conn. 767, 774, 535 A.2d 1297 (1988). Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . . Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986); see also New Haven v. Freedom of InformationCommission, supra, 773-74; Wilson v. Freedom of InformationCommission, 181 Conn. 324, 342-43, 435 A.2d 353 (1980)." (Internal quotation marks omitted.) Perkins v. Freedom ofInformation Commission, 228 Conn. 158, 164-65 (1993).
A fair construction of § 5-278a would view the purpose as an attempt to specifically enumerate the portions of a collective bargaining agreement which would survive its expiration. "Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive." Bridgeport Hospital v. CHRO, 232 Conn. 91, 101
(1995). This is especially apparent here where the statutory history reflects a legislative intent to limit the scope of contract provisions which would continue in effect during the interim period.
The union argues that the specific exclusion of annual increments from salary is indicative of an intent to distinguish lump sum payments in lieu of annual increments. However, such a construction fails to acknowledge the specific references to other items of compensation in 5-278a (differentials, overtime, uniform allowances). If every form of employee compensation other than annual increments was to remain in effect; then such specific references to differentials, overtime and uniform allowances would be superfluous. The principal of statutory construction oblige courts to give meaning to statutory language CT Page 7561 and intent Hall v. Gilbert Bennett Mfg. Co., 241 Conn. 282, 302
(1997); Peck v. Jacquemin, 196 Conn. 53, 63-64 (1985).
Plaintiff also asks that § 5-278a as a labor relations statute be liberally applied. Citing Connecticut State Board ofLabor Relations v. Board of Education, 177 Conn. 68 (1979). It is true that labor relations statutes are remedial in nature and should be construed to accomplish their purpose. Exceptions and exclusions to such statutes are thus strictly and narrowly construed. These principals are of no comfort to the Plaintiffs in this case. Here, the purpose of the act (P.A. 93-40) was to limit the carry over terms. The purpose should not be frustrated an expansive construction of the term "salary" in contradiction of obvious legislature intent and general rules of statutory construction.
The appeal is dismissed.
Robert F. McWeeny, J.