[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jesse M. Frankl, chairman of the State of Connecticut workers' compensation committee (chairman) brings this administrative appeal of a decision of the Freedom of Information Commission (FOIC). The appeal is authorized pursuant to General Statutes §§ 1-21i(d) and 4-183. The parties to this action are the chairman, FOIC and David W. Cummings, the individual who initiated this process by requesting information from the FOIC.
The chairman was aggrieved by the FOIC decision issued January 17, 1997, which found him in violation of the Freedom of Information Act (FOIA). State Library v. FOIC, 240 Conn. 824, 834
(1997); Board of Pardons v. FOIC, 210 Conn. 646, 650 (1989). CT Page 890
The plaintiff's appeal was filed on February 2, 1997. The Record was filed May 16, 1997. Briefs were filed by the the chairman on June 30, 1997, Cummings on August 4, 1997 and the FOIC on September 23, 1997. The parties were heard at oral argument on November 18, 1997.
The appeal concerns chairman Frankl's meeting with the other Workers' Compensation Commissioners.[1] In his brief, the chairman raises two issues: (A) "Are the Workers' Compensation Commissioners' meetings hearings or proceedings which constitute `meetings' as defined in the FOIA;"[2] and alternatively 2), "Assuming that Commissioners' meetings are subject to the FOIA, are they exempt as `an administrative or staff meeting of a single-member public agency.'"
Issues raised in the appeal but not briefed are viewed as abandoned. Collins v. Goldberg, 28 Conn. App. 733, 738 (1992).
"The Freedom of Information Act" expresses a strong legislative policy in favor of the open conduct of government and free public access to government records. Wilson v. FOIC,181 Conn. 324, 328 (1980). See also, Chairman v. FOIC, 217 Conn. 193,196 (1991); Maher v. FOIC, 192 Conn. 310, 315 (1984). "The general rule under the [FOIA] is disclosure with exceptions to the rule being narrowly construed." Perkins v. FOIC,228 Conn. 158, 167 (1993); Superintendent v. FOIC, 222 Conn. 621, 626
(1992); Rose v. FOIC, 221 Conn. 217, 232 (1992); New Haven v.FOIC, 205 Conn. 767, 775 (1988).
The FOIC found that the Workers' Compensation Board of Commissioners' meetings are meetings of a multi-member public agency within the meaning of General Statutes § 1-18a(b) and subject to the open meeting provisions of General Statutes § 1-21a (R. #8 ¶ 24). The court agrees.
The chairman argues that he has pursuant to General Statutes § 31-280 sole administrative powers and that the Commissioners serve only as advisors. However, pursuant to General Statutes § 31-276 there remains a "Workers' Compensation Commission." Section 31-276 (a) provides that: "There shall be a Workers' Compensation Commission to administer the workers' compensation system." The chairman correctly points out that amendments to § 31-280 have assigned such administrative authority to him, but there is no indication that CT Page 891 the Commission of all sixteen Commissioners has been abolished. It continues to exist as a multi-member public agency. Thus, any convening of a quorum of its members is a meeting of a multi-member public agency.
The FOIC in its decision distinguishes between the chairman's meeting with advisory medical and legal panels and the Workers' Compensation Commission meetings. The chairman when acting pursuant to his administrative powers set forth in § 31-280
is a single-member public agency within the meaning of §1-18a(b). His meeting with his medical and legal panels are exempt from the open meeting requirements of § 1-21 (a).
The chairman asserts that his meeting with his fellow Commissioners are similarly administrative or staff meetings of a single member public agency. In order to prevail on such claim the chairman must meet the burden of proof to establish the applicability of the exemption. Superintendent v. FOIC, supra,222 Conn. 626; Ottachian v. FOIC, 221 Conn. 393, 397 (1992); Rosev. FOIC, supra, 221 Conn. 232; New Haven v. FOIC, supra,201 Conn. 431; Maher v. FOIC, supra, 192 Conn. 315; Wilson v. FOIC,supra, 181 Conn. 328.
Having found that the meetings of the Workers' Compensation Commission are multi-member agency meetings, the court finds the claim of single-member agency administrative or staff meeting can not serve to exempt such gatherings.
The Workers' Compensation Commission composed of the sixteen Workers' Compensation Commissioners survived the designation of administrative powers to the chairman. Whenever a quorum of such Commissioners meet it is meeting as defined in § 1-18a(b) subject to the open meeting provisions of § 1-21 (a).
The appeal is dismissed.
Robert F. McWeeny, J.