[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision I. Statement of Case
This is an administrative appeal from a Final Decision of the defendant, the Freedom of Information Commission (FOIC). The plaintiff, Richard Jeff, is a teacher employed by the second defendant, the Killingly Board of Education (Board).[1] In the final decision, the FOIC ordered the disclosure of several documents from Jeff's personal file. This appeal is brought pursuant to General Statutes §§ 1-206 (d) of the Freedom of Information Act (FOIA) and 4-183 of the Uniform Administrative Procedure Act.
 II. Procedural History
By letter dated February 21, 2000, Poudrier filed a complaint with the FOIC alleging that the Board had violated the FOIA by denying him access to previously requested records (Return of Record [ROR], p. 1). In relevant part, Poudrier sought disclosure of the "[w]ork history and [personnel] file including letters of reprimand, disciplinary reports, drug test background checks, past work history [etc]. [o]n the following CT Page 10641 teachers, Mr. [L]efferts, and Mr. [Jeff], [b]oth special Education teachers."[2] (ROR, p. 3, 12).
In accordance with General Statutes § 1-214, the Board notified both Jeff and Lefferts of the requests for disclosure of their personnel files. (ROR, pp. 21-22). Both teachers objected in writing to the disclosures (ROR, pp. 23-24). General Statutes § 1-214 (c).
A hearing on the matters was held before the FOIC on March 27, 2000 (ROR, pp. 47 et seq.). At the hearing, the parties introduced exhibits and the sworn testimony of witnesses (ROR). The FOIC examined numerous documents in camera. Jeff and Lefferts maintained that a number of documents from their personnel files were exempt from disclosure pursuant to General Statutes §§ 1-210 (b)(2) and 10-151c.
The FOIC in a written Final Decision dated September 13, 2000 (Final Decision) sustained Jeff's objections with respect to many documents. However, with respect to documents identified as Jeff IC nos. 2000-086-8, 2000-086-11, 2000-086-12, 2000-086-15, 2000-086-17, 2000-086-18 (hereinafter nos. 8, 11, 12, 15, 17, 18),[3] the FOIC determined that Jeff had not met his burden to prove the claimed exemptions and ordered disclosures. (Final Decision, para. 22). This appeal followed.[4]
Pursuant to the plaintiffs October 17, 2000 motion, the court (Cohn, J.) with consent of the FOIC, ordered the records at issue sealed.
The court finds that the plaintiff is aggrieved and the appeal was filed timely.
 III. Standard of Review [O]ur resolution of this [appeal] is guided by the limited scope of judicial review afforded by the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; to the determinations made by an administrative agency. [W]e must decide, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the CT Page 10642 agency charged with its enforcement. . . .
(Brackets in original text; citations omitted; quotation marks omitted).Director Retirement Benefits Services Division v. FOIC, 256 Conn. 764,770-771 (2001).
The court must search the entire record to determine whether substantial evidence exists to support the FOIC's findings of fact, and whether the conclusions drawn from those facts are reasonable. Dolgnerv. Alander, 237 Conn. 272, 283 (1996).
 IV. Discussion Plaintiffs Claims of Error
The plaintiff has framed the issue in this appeal as "whether the FOIC erred in ordering documents 8, 11-12, 15, 17-18 disclosed to the defendant Poudrier because these documents are not `records of teacher performance and evaluation' within the meaning of Section 10-151c, which exempts such records from required public disclosure." (Plaintiff's December 11, 2000 Brief, p. 3). In this regard, the plaintiff contends that "[t]hese documents specifically address the plaintiffs actions in his teaching capacity as a teacher and coach. In document 8, the principal refers to plaintiffs `methods . . . to try to adjust a student's behavior.' In documents 11-12, the superintendent addresses plaintiffs response to the superintendent's decision regarding in-door track students running and practicing hurdling in the hallways of Killingly High School. The plaintiffs response was made in his role as teacher/coach. Document 15 appears to be the superintendent's notes [see signature in upper left-hand corner-David Cressy] which relate to the plaintiffs role as teacher/coach. [Documents 17 18 are the same as documents 11-12]. All of these documents are run-of-the-mill supervisory and evaluative records written by an administrator. As such they clearly fall within the protection of 10-151c as `records of teacher performance and evaluation.'" (Plaintiff's December 11, 2000 Brief, pp. 7-8).
The Final Decision contains numerous findings of fact, conclusions of law and an order, which include the following relevant portions:
 1. The respondent is a public agency within the meaning of § 1-200 (1), G.S.
 2. It is found that by letter dated January 27, 2000, the complainant requested that the school administrator of the Killingly High School provide him with the following records (hereinafter "requested CT Page 10643 records"):
 a. work history and personnel file, including letters of reprimand, disciplinary reports, drug test, background checks, past work history, etc.; for Lefferts and Jerr, two special education teachers;
* * *
 8. With respect to the request as described in paragraph 2a, above, it is found that the respondent maintains the personnel files of Jerr, which contain records responsive to the complainant's request. The records maintained are public records within the meaning of § 1-210 (a), G.S.
 9. The respondent, as well as . . . Jeff, contend that the personnel file records at issue are exempt from disclosure pursuant to §§ 1-210 (b)(2) and 10-151c, G.S.
 10. Section 1-210 (b)(2), G.S., permits the nondisclosure of personnel, medical or similar files the disclosure of which would constitute an invasion of personal privacy.
11. Section 10-151c, G.S., provides, in relevant part:
 "any records maintained or kept on file by any local or regional board of education which are records of teacher performance and evaluation shall not be deemed public records and shall not be subject to the provisions of § 1-210, provided that any teacher may consent in writing to the release of his records by a board of education."
 12. Following the hearing in this matter, the respondent submitted the records contained in . . . Jeff's personnel files to the Commission, and an in camera inspection was conducted.
 13. It is concluded that the in camera records are "personnel" files within the meaning of § 1-210
(b)(2), G.S. CT Page 10644
* * *
 22. With respect to the claim of exemption pursuant to § 10-151c, G.S., it is concluded that Jeff IC# 2000-086-3 2000-086-4, 2000-086-8, 2000-086-11, 2000-086-12, 2000-086-15, 2000-086-16, 2000-086-17, 2000-086-18, 2000-086-22, 2000-086-26, 2000-086-27, 2000-086-28, 2000-086-29, 2000-086-30 are not records of teacher performance and evaluation within the meaning of § 10-151c, G.S., and are therefore, not exempt from disclosure pursuant to such provision. It is also concluded that such records pertain to legitimate matters of public concern. Consequently, it is further concluded that such records are not exempt from disclosure pursuant to § 1-210 (b)(2), G.S.
* * *
 27. It is concluded, with respect to the personnel file records at issue, that the respondent did not violate § 1-210 (a), G.S., when he failed to disclose those records found to be exempt from disclosure pursuant to §§ 1-210 (b)(2) and 10-151c, G.S., however, he violated § 1-210 (a), G.S., when he failed to disclose those records found not to be exempt from disclosure, and those records for which no claim of exemption was made but which records were not promptly disclosed to the complainant.
* * *
The following order by the Commission is hereby recommended on the basis of the record concerning the above-captioned complaint:
 1. Forthwith the respondent shall provide the complainant with access to inspect or to receive a copy of the personnel file records of . . . Jeff a) found not to be exempt from disclosure, and more fully described in paragraphs 16, 17, 19, 20, 21 through 27 of the findings, above, and b) for which no claim of exemption was made.
 2. In complying with paragraph 1 of the order, the respondent may redact the names or addresses of CT Page 10645 students pursuant to § 1-210 (b)(11), G.S.; information identifying beneficiaries, spouses, children; social security numbers; personal bank/financial and mortgage account information; unlisted home telephone numbers and employee tax withholding information.
 Approved by Order of the Freedom of Information Commission at its regular meeting of September 13, 2000.
(Final Decision, ROR, pp. 81 et seq.).
 Analysis of Plaintiff's Claims of Error
The plaintiff contends that the documents in question are not subject to disclosures under General Statutes § 1-210 by virtue of General Statutes § 10-151e.[5] General Statutes § 10-151c provides in relevant part that "[a]ny records maintained or kept on file by any local or regional board of education which are records of teacher performance and evaluation shall not be deemed to be public records and shall not be subject to the provisions of section 1-210, provided that any teacher may consent in writing to the release of his records by a board of education."
In response, the FOIC argues that its "findings are based on the fact that only isolated instances of the teacher's personal conduct were at issue: the records that the plaintiff contests in this appeal do not relate to his performance or evaluation as a teacher, but rather relate to other conduct, such as the circulating of petitions and letters to parents, that the school administration found objectionable. Based upon these facts, the FOIC reasonably concluded that the records sought by Poudrier were not records of teacher performance and evaluation within the meaning of § 10-151c, but rather records of personal misconduct occurring when the teacher should have been teaching." (Emphasis in original; FOIC's January 31, 2001 Brief, p. 11).
In the case of Ottochian v. Freedom of Information Commission,221 Conn. 393, 398-399 (1992), the Connecticut Supreme Court stated that:
 General Statutes § 10-151 c provides that records of teacher performance or evaluation maintained by boards of education are not discoverable pursuant to the FOIA. In exempting these records of teacher performance and evaluation, the legislature chose neither to provide criteria for determining what CT Page 10646 documents constitute such records nor to define the term "records." When the legislature uses a broad term . . . in an administrative context, without attempting to define that term, it evinces a legislative judgment that the agency should define the parameters of that term on a case-by-case basis. . . . The FOIC, therefore, was left with the task of determining whether the letters in the present case were "records of teacher performance and evaluation" within the broad meaning of that term. The practical construction placed on the statute by the agency, if reasonable, is highly persuasive.
(Citations omitted; internal quotation marks omitted).
In Carpenter v. Freedom of Information Commission, 59 Conn. App. 20, 25
(2000), the Appellate Court addressed a claim identical to the one now being pursued by the FOIC, and reasoned, that:
 . . . the commission reasonably concluded that the board of education documents related only to a specific incident of personal misconduct and were not records of teacher performance and evaluation. Only the plaintiffs personal conduct was at issue; nothing in the record relates to the plaintiffs ability to teach. Not all disciplinary records are the same; each presents a separate factual issue. Our Supreme Court upheld as reasonable the commission's determination that "the legislature did not intend to exempt from disclosure nonevaluative information from a letter pertaining to a teacher. . . ." Because the commission's determination in this case was reasonable, we will not disturb it.
(Citation omitted; footnote omitted)[6].
Thus, the distinction to be made is that a record pertaining to personal misconduct of a teacher, even if occurring in the classroom but unrelated to teaching, is not protected from disclosures under General Statutes § 10-151c.
In applying General Statutes § 10-151 c to the record presented in this matter, the court is mindful of several firmly established principles of law.
 [I]t must be noted initially that there is an CT Page 10647 overarching policy underlying the [act] favoring the disclosure of public records. . . . [I]t is well established that the general rule under the [act] is disclosure, and any exception to that rule will be narrowly construed in light of the general policy of openness expressed in the . . . legislation [comprising the act] . . . The burden of establishing the applicability of an exemption clearly rests upon the party claiming the exemption. . . . This burden requires the claimant of the exemption to provide more than conclusory language, generalized allegations or mere arguments of counsel. Rather, a sufficiently detailed record must reflect the reasons why an exemption applies to the materials requested.
(Citations omitted; internal quotation marks omitted). Director,Retirement Benefits Services Division v. FOIC, supra, 256 Conn. 772-773.
The court's review of the entire administrative record reveals that the documents in issue appear to relate to specific alleged criticism of Jeff's conduct by school administrators, including the methods used to take disciplinary action against a student (no. 8) and requesting that parents contact the Board of Education in an attempt to overrule a decision of the Superintendent of Schools (nos. 11-12, 17-18). Finally, the handwritten note appears to be a cryptic list of general criticisms of an unnamed employee who was apparently the plaintiff (no. 15). The transcript of the FOIC hearing discloses that Jeff testified. (ROR, pp. 65-68). However, a review of this testimony reveals that he did not specifically address these documents nor state his factual reasoning why they were exempt from disclosure. The documents were, however, subject to an in camera inspection by the FOIC and are part of the administrative record.
The burden rests upon Jeff to prove the applicability of the exemption. As noted above, generalized allegations or arguments of counsel are insufficient to meet this burden. The FOIC's conclusion that Jerr has not met this burden is, therefore, not unreasonable. Given the record that it was presented, the FOIC had "the task of determining whether the letters in the present case were `records of teacher performance and evaluation' within the broad meaning of that term."Ottochian v. FOIC, supra, 221 Conn. 399. This the FOIC did, and the plaintiff has not sufficiently refuted that definition. Accordingly, the court finds that based upon the law and the substantial evidence in the record, the FOIC conclusion that the records are not exempt from disclosure by General Statutes § 10-151 c is not unreasonable, arbitrary, illegal, or an abuse of its discretion. CT Page 10648
 V. Conclusion
For all the foregoing reasons, the court finds for the FOIC. Accordingly, the appeal is ordered dismissed.
BY THE COURT:
Peter Emmett Wiese, Judge