[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Leroy Barrett, Jr., from a final decision of the defendant, department of social services ("the department"), placing a withholding order on the proceeds of the plaintiffs workers' compensation settlement as provided by General Statutes § 52-362d. The plaintiffs appeal is taken pursuant to General Statutes § 4-183 of the Uniform Administration Procedure Act ("UAPA").
On May 11, 2000, the plaintiffs attorney, Andrew Morrissey, received notice that the department had placed a hold on a portion of the plaintiffs impending workers' compensation settlement. The plaintiff requested an administrative hearing on August 24, 2000 and a hearing was held on January 2, 2001 in accordance with General Statutes §§ 17b-60,17b-61, and 4-176e to 4-184.
After the hearing, the hearing officer determined that the plaintiff had been under various court orders since 1990 to pay current child support and pay towards an arrears of back child support which had been accumulating. (Return of Record ("ROR"), p. 2, ¶¶ 1-4.)
The hearing officer also made the following findings of fact relevant to this appeal:
 5. The plaintiff had a workers' compensation lawsuit which settled via a stipulated agreement on June 29, 2000 for the sum of $200,000.
 6. The plaintiffs workers' compensation payments were garnished as per the January 9, 1997 court order.
 7. The child support owed at the time of the workers' compensation garnishment was $15,848.55.
8. At an informal hearing held on May 11, 2000, the workers' commissioner ordered that upon receipt of the proceeds from the settlement, $15,000 was to be CT Page 9160 held in an escrow account for the child support arrearage issue. Plaintiffs attorney was present at this meeting and was made aware of the withholding order which had been placed on the proceeds of the settlement by the department.
 * * * 10. On August 1, 2000, the plaintiffs attorney was sent a letter from the bureau of child support enforcement advising him that the department had a lien against any payments that may be due to the plaintiff.[1]
 11. On October 20, 2000, the remaining funds in the escrow account of $14,023.35 were transferred to attorney Tyma, the plaintiffs new counsel.
 12. On October 26, 2000, the bureau of child support enforcement sent a letter to attorney Tyma advising him that the support enforcement division was conducting an audit and that the audit may affect the amount of child support owed by the plaintiff. The letter further advised the attorney not to distribute funds until the final accounting was completed and instructions for disbursement were issued by the bureau of child support enforcement.
 13. On or about November 1, 2000, the department sent another letter containing the results of the audit and listing the amount of child support due as $15,143.56.
(ROR, pp. 2-3.)
The hearing officer concluded that because the plaintiff owed a total past-due child support amount of $16,441.78, the department may place a withholding order on his workers' compensation settlement pursuant to the provisions of General Statutes § 52-362d, which allow such holds to be placed when the obligor owes past-due child support of $500 or more. The hearing officer also found that the August 1, 2000 letter from the bureau of child support enforcement put the plaintiffs attorney on notice that, pursuant to § 52-362d, the department had a withholding order against the workers' compensation benefits awarded to plaintiff. Therefore, the hearing officer denied the plaintiffs claim. (ROR, p. 5.) CT Page 9161
On September 7, 2001, the plaintiff timely appealed to this court claiming for the first time the issue of improper notice. (See Plaintiffs Brief, p. 1.) This is the only issue on appeal.[2]
The UAPA governs judicial review of an administrative agency decision. Under General Statutes § 4-183 (j), such review is limited to whether the agency, m light of the evidence before it, acted unreasonably, arbitrarily, illegally, or in abuse of its discretion in reaching its decision. Burinskas v. Dept. of Social Services, 240 Conn. 141, 146-47
(1997). Section 4-183 (j) provides that: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Consequently, the court's function in reviewing factual questions is not to retry the case. Ottochian v. Freedom ofInformation Commission, 221 Conn. 393, 397 (1992). The question is not whether the court would have reached the same conclusion, but whether the record before the agency supports the actions taken. Id.
Even as to questions of law, the court's ultimate duty is only to decide whether, in the light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. Therefore, the agency's legal conclusions must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. Burinskas v. Dept. of Social Services, supra, 240 Conn. 147.
The only issue on appeal is whether the plaintiff received proper notice of the withholding order placed by the state on the proceeds of his workers' compensation settlement.[3] The plaintiff claims that "there is no evidence of effective notice of lien on the administrative record and the hearing officer misapplied the requirements of the lien statute. . . ." (See Plaintiffs Brief, p. 1.) However, the record reveals that the plaintiff did not raise this issue before the department in his administrative hearing. At the hearing, the plaintiff only questioned whether the department had properly proposed to place a "lien" against the workers' compensation settlement on the grounds that plaintiff owed more than $500 in support. (ROR, p. 1.) "A party to an administrative proceeding cannot be allowed to participate fully at hearings and then, on appeal, raise claims that were not asserted before the [agency.]" Draganv. Connecticut Medical Examining Board, 223 Conn. 618, 632 (1992). A party is required to raise all issues before the administrative agency in order to ensure that the courts will be relieved of the burden of deciding questions entrusted to agency and so that the reviewing court will have the benefit of the agency's findings. Fish Unlimited v.Northeast Utilities Service Co., 254 Conn. 1, 12-13 (2000). Therefore, the court concludes that the plaintiff waived his claim of improper notice. CT Page 9162
Even if the court were to consider the issue raised by the plaintiff, though the term "lien" was used frequently by the hearing officer and appears in the complaint and plaintiffs brief, the record clearly shows that the action taken by the department was a withholding order and not a lien. (See ROR, p. 164.) General Statutes § 52-362d (d) governs the withholding of workers' compensation.[4] To do this, the agency need only give the obligor notice of the withholding after it has been issued.[5]
Here, Attorney Morrissey, as the person expecting to have control of the workers compensation settlement, was notified by the worker's compensation commission to withhold a portion of the settlement in an escrow account and await further instruction from the state. This notice occurred on May 11, 2000 when Morrissey was told by the workers' compensation commissioner that the state had placed a withholding order on a portion of the settlement. (ROR p. 164.) Morrissey then informed plaintiff of the hold. Subsequently, Morrissey and the plaintiff began to receive numerous letters from the department discussing the withhold and the plaintiffs right to a hearing. See supra note 1. The first two of these letters were written by Mr. Bansavich on July 18, 2000 and on July 31, 2000. (ROR, pp. 81, 155-56.) These letters were more than ample to constitute the required post withholding notice to the obligor.
Accordingly, the plaintiffs appeal is hereby dismissed.
 ___________________ Henry S. Cohn, Judge