[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff appeals the decision of the Connecticut Commission on Human Rights and Opportunities (CHRO) dismissing her employment discrimination complaint, because there was no reasonable possibility of believing that further investigation would result in a finding of probable cause.
Plaintiff's complaint to CHRO alleges that she was harassed and constructively discharged from her employment with Norwalk Hospital. She alleges illegal discrimination on the basis of her race, sex, ancestry, national origin and physical disability. Such discrimination in employment would be violative of State and Federal law. General Statutes § 46a-60 (a)(1), (4), (5) and (8). Title VII of the 1964 Civil Rights Act as amended 42 U.S.C. § 1971, 2000 et seq. and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101.
Plaintiff's complaint was filed January 19, 1996. Section46a-83 required CHRO upon receipt of such a complaint, to notify the employer (respondent) of the complaint and the procedures for investigation and processing by the agency. Section 46a-83
(b)[1] requires the agency to review the file within ninety days of filing. "The review shall include the complaint, the respondent's answer and the responses to the commission's requested for information, if any, and the complainant's comments, if any, to the respondent's answer and information responses." The CHRO received, in addition to motions by the parties, the complaint (R. pp. 15-26), employer's answer to the complaint (R. pp. 86-96), a fifty page employee response to CHRO's requests for information (R. pp. 97-146), complainant's reply to employer's answer (R. pp. 44-49), and employer's response to complainant's reply (R. pp. 72-80). CT Page 8707
On April 18, 1996 (within ninety days of the filing of the complaint, see § 46a-83 (b)) the CHRO issued its decision dismissing the complaint. The substantive portion of the decision is as follows:
 Further, you are hereby notified that as a result of these activities, your complaint has been reviewed out for the reason that there is no reasonable possibility that further investigation will result in a finding of reasonable cause inasmuch as it was determined that the Respondents Articulated Reason with Supporting Documentation show that due to staffing needs the Respondent began requiring all Pharmacy Technicians to perform the responsibilities of a Pharmacy Technician II. Evidence show that work in the IV room is one of the requirements of a Pharmacy II and this was explained to you when you were informed that in order to continue working in the Pharmacy Dept. you had to take the IV Room training. Evidence also show that you refused to take the training and would not give the Respondent a reason for your refusal. Evidence shows that as a means to keep you employed the Respondent offered you a Coordinators position which you refused. Therefore it does not appear that you were forced to resign your position because of physical disability harrasment.
In that this action represented the final agency action on the complaint, the Plaintiff was authorized to commence this appeal pursuant to §§ 46a-94a and 4-183 (the Uniform Administrative Procedures Act § 4-166 et seq.).
Plaintiff's appeal was timely filed on May 16, 1996. The Record was filed on August 5, 1996, the Plaintiff's Brief on January 22, 1997, the CHRO's Brief on March 14, 1997, and the Defendant Norwalk Hospital's Brief on March 24, 1997. The matter was scheduled for oral argument on September 25, 1997; but the parties on that date agreed to a waiver of oral argument.
Plaintiff briefs two issues. "The Commission Erred in Failing to Address All of the Allegations In Plaintiff's Complaint" (Brief p. 7) and "The Commission Erred in Assessing What Evidence to Consider With Respect to Plaintiff's Physical Disability CT Page 8708 Discrimination Allegations" (Brief p. 8). Issues raised in the appeal but not briefed are viewed as abandoned. Collins v.Goldberg, 28 Conn. App. 733, 738 (1992).
The Plaintiff's first issue alleges a failure to specifically address the allegations of discrimination on grounds other than her physical disability claim. Plaintiff's complaint included race, sex, national origin and ancestry discrimination claims.
Plaintiff is correct that such allegations are not referenced in the two page decision (R. pp. 3 and 4). However, the succinct decision is clear in expressing an agency determination that the Plaintiff suffered no adverse employment action. An element of a prima facie case in any disparate treatment employment discrimination case is proof of disparate treatment in the form of some adverse employment action (hiring, firing, promotion, conditions of employment). See McDonnell Douglas Corporation v.Green, 411 U.S. 792, 802 (1973), Miko v. CHRO, 220 Conn. 192, 202
(1991). Also see, Monette v. Electronic Data Systems Corp.,90 F.3d 1173 (6th Cir. 1996) and Fink v. Kitzman, 881 F. Sup. 1347,1375 (N.D.Iowa 1995) adopting and modifying the McDonnellDouglas standard in ADA cases. Accordingly, the agency's determination that Plaintiff failed to perform a substantial part of her job duties resulting from a bona fide reorganization, refused an alternative assignment and resigned; effectively disposes of all her complaints. Section 4-183 (j) requires affirmance of agency decisions unless substantial rights of an appellant have been prejudiced. Jutkowitz v. Department of HealthServices, 220 Conn. 86, 94 (1991); Slimp v. Dept. of LiquorControl, 239 Conn. 599, 604 (1996); and State v. State EmployeesReview Board, 239 Conn. 638, 645 (1996).
Plaintiff's final argument relates to the factual basis of the agency determination.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996). CT Page 8709
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, 237 Conn. 272, 281 (1996). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
This court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v.Freedom of Information Commission, 221 Conn. 393, 397,604 A.2d 351 (1992). Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . New Haven v. Freedom of Information Commission,205 Conn. 767, 774, 535 A.2d 1297 (1988)." (Internal quotation marks omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 164-65 (1993).
"Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . . GriffinHospital v. Commission on Hospitals Health Care, 200 Conn. 489,496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also New Haven v. Freedom ofInformation Commission, supra, 773-74; Wilson v. Freedom ofInformation Commission, 181 Conn. 324, 342-43, 435 A.2d 353
(1980)." (Internal quotation marks omitted.) Perkins v. Freedomof Information Commission, 228 Conn. 158, 165 (1993). CT Page 8710
The full force and effect of the substantial evidence standard is even more apparent where the CHRO is as in this case performing a merit assessment review. "The 1994 Amendment to § 46a-83 (b) explicitly permits the CHRO to dismiss a complaint of employment discrimination without conducting a full investigation, since the enactment provides for dismissal where the CHRO determines that their investigation will result in a finding of reasonable cause." Cohen v. CHRO, Superior Court, judicial district of Hartford-New Britain, at Hartford Docket No. CV95-0549621 (March 5, 1996 Hodgson, J.) at p. 5.
The respondent employer in their motion to dismiss point out the untimeliness of all but the termination claim. Plaintiff was by her own complaint supervised by the same person for ten years, who was allegedly the primary source of the harassment and discrimination. Plaintiff's recitation concedes that the issue of IV Room training was a constant source of difficulty. Her supervisor and employer felt it was part of her job. The Plaintiff disagreed and refused the IV Room training and assignment. Finally, Plaintiff admittedly refused an alternate assignment.
Plaintiff focuses on the disputes about her physical disability and the alleged failure to accommodate. Unfortunately, Plaintiff fails to demonstrate any connection between her physical condition and the IV Room assignment, or the refusal to accept the Coordinator's position.
In essence Plaintiff's position was eliminated and she declined alternative positions which would have allowed her to continue her employment with the Hospital.
There is substantial evidence in the record to fully support the CHRO's conclusion that there was no reasonable possibility that further investigation would result in a finding that reasonable cause existed that illegal employment discrimination had occurred. This is especially the case where the employer has produced undisputed evidence concerning the restructuring of the hospital pharmacy department. The employer has clearly articulated a nondiscriminatory reason for the change in the job duties, and there is no evidence that it was pretextual. See,Texas Department of Community Offices v. Burdine, 450 U.S. 248
(1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). CT Page 8711
The appeal is dismissed.
Robert F. McWeeny, J.