DEPARTMENT OF PUBLIC SAFETY ET AL. *v.* FREEDOM
OF INFORMATION COMMISSION ET AL.
(11131)

DUPONT, C. J., LAVERY and FREEDMAN, JS.

Argued November 5, 1992—decision released January 5, 1993

---

*Margaret Quilter Chapple,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellants (plaintiffs).

*Victor R. Perpetua,* appellate attorney, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellee (named defendant).

LAVERY, J. This is an appeal from the trial court's judgment affirming an order of the freedom of information commission (commission).[1] The plaintiffs[2] claim that the trial court improperly held that the department of public safety violated the Freedom of Information Act in refusing to disseminate requested motor vehicle accident reports at a local state police barracks. We affirm the judgment of the trial court.

The trial court found the following facts. The defendant Edward A. Peruta made written and oral requests for copies of accident reports on April 3, 1989, at the state police Troop H barracks in Hartford. Peruta was told that the records would be available only at the reports and records division in Meriden. When Peruta made his request at the reports and records division, giving the date and time of each of the seven accidents for which he sought reports, he was informed that he

[1] The named defendant in this appeal is the freedom of information commission. Edward A. Peruta, who brought a complaint against the plaintiffs before the commission, is a codefendant.

[2] The plaintiffs are the division of state police and the state police reports and records division, and the commanding officers of those divisions. The state police are within the state department of public safey.

had to have the names and case numbers for each report, and that the information was available at the Troop H headquarters. After obtaining that information, Peruta returned to Meriden and made a request for seven accident reports. He was then informed that only five "walk-up" requests are allowed per person per day. He received five reports in person, and the remaining two were mailed to him at a later date.

On April 5, 1989, Peruta complained by letter to the commission that the department of public safety was denying him access to public records. The commission held a hearing on August 29, 1989, and issued its final decision on February 23, 1990. The commission concluded that the plaintiffs had violated General Statutes § 1-19 (a)[3] by denying access to accident reports at individual troop barracks, and by requiring the defendant to apply in writing to inspect the records. Following the issuance of the commission's final decision, the plaintiffs brought an administrative appeal in the Superior Court. The appeal was dismissed on January 17, 1992, and the plaintiffs thereafter appealed to this court.

---

[3] General Statutes § 1-19 (a) provides: "Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-15. Any agency rule or regulation or part thereof, that conflicts with the provisions of this subsection or diminishes or curtails in any way the rights granted by this subsection shall be void. Each such agency shall keep and maintain all public records in its custody at its regular office or place of business in an accessible place and, if there is no such office or place of business, the public records pertaining to such agency shall be kept in the office of the clerk of the political subdivision in which such public agency is located or of the secretary of the state, as the case may be. Any certified record hereunder attested as a true copy by the clerk, chief or deputy of such agency or by such other person designated or empowered by law to so act, shall be competent evidence in any court of this state of the facts contained therein. Each such agency shall make, keep and maintain a record of the proceedings of its meetings.

In claiming that the trial court improperly dismissed its appeal, the plaintiffs ask us to revisit certain factual findings the commission made in reaching its decision. Specifically, the plaintiffs want this court to find that the procedures for disseminating information contained in automobile accident reports is not unduly burdensome to the citizens of this state. We will not substitute our judgment on factual matters for those of a legislatively created body designed to make findings of fact in a particular area.

"Judicial review of [an administrative agency's] actions is governed by the Uniform Administrative Procedure Act [General Statutes §§ 4-166 through 4-189], and the scope of that review is very restricted." *Lawrence* v. *Kozlowski,* 171 Conn. 705, 707, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977). " ' "The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." . . .' " *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 773, 535 A.2d 1297 (1988), quoting *Burnham* v. *Administrator,* 184 Conn. 317, 322, 439 A.2d 1008 (1981). Having reviewed the record in this case, we conclude that the commission properly exercised its authority, and that the trial court correctly dismissed the appeal.

As our Supreme Court stated in *Superintendent of Police* v. *Freedom of Information Commission,* 222 Conn. 621, 626, 609 A.2d 998 (1992): "[T]here is an 'overarching policy' underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records. . . . Our construction of the FOIA must be guided by the policy favoring disclosure and exceptions to disclosure must be narrowly construed." (Citations omitted.) The information in question here is contained in routine automobile accident reports which, the plaintiffs conceded in the trial court, are public records and

always disclosable. As the trial court correctly pointed out, any state trooper can recognize and copy an accident report without danger of disclosing sensitive or confidential information. The overarching public policy of disclosure is best served by implementation of the commission's decision.

The judgment of the trial court is affirmed.

In this opinion the other judges concurred.