[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this administrative appeal, the primary issue is the construction and application of General Statutes § 10-151c. This statute establishes that records of teacher performance and evaluation are not public records subject to the provisions of General Statutes § 1-19.
Pursuant to General Statutes §§ 1-21 (d) and 4-183, the plaintiff Board of Education appeals a decision by the defendant Freedom of Information Commission ("FOIC") regarding documents requested by private citizens Kenneth Lerman and Laura E. Lerman ("Lermans"). The plaintiff Board of Education ("Board") is a CT Page 9999 public agency for the purposes of the Freedom of Information Act. General Statutes § 1-18 (a). The defendant FOIC is the government agency empowered to enforce the provisions of the Freedom of Information Act. General Statutes § 1-21j(d).
The following facts were found by the FOIC, are not being contested in this appeal and are evident from the record. On October 21, 1994, the Lermans appealed to the FOIC, alleging that the Board had failed to comply with their October 2, 1994 request for documents and requesting civil penalties. The October 2, 1994 request, an eleven page letter, included requests for copies of minutes, portions of teacher observation reports, teacher recommendations, schedules, status reports, forms, announcements, job descriptions, evaluations, audit reports, administrative procedures, and other records.
The Board's chairman responded on October 3, 1994, by letter, and asked for the Lermans to be patient. On October 26, 1994, the Lermans iterated their October 2, 1994 request, again by letter. On November 11, 1994, the Lermans met with members of the Board's staff and were provided with copies of some of the records requested in the October 2, 1994 letter. The records provided to the Lermans on that date consisted of more than one hundred pages, and the Board's staff spent over sixty hours compiling the records and meeting with the Lermans. The superintendent of schools, who was primarily responsible for responding to the Lermans' request, was unusually busy with other activities, and the Lermans had not communicated any urgent need for the records. Those records furnished to the Lermans on November 11, 1994, were provided promptly under General Statutes §§ 1-15 (a) and 1-19
(a). of the requested records not provided to the Lermans, the FOIC made certain findings and orders that are the subject of this appeal.
On October 11, 1995, the FOIC issued its final decision. The FOIC order states:
 1. The respondents shall forthwith conduct a diligent search for the records described in paragraphs 10a, 10b, and 25 of the findings, above, and provide to the complainants copies of any such records located. If the respondents are unable to locate any such records, they shall provide to the complainants and to the Commission an affidavit that describes in detail the steps taken to search for the records, including the locations searched, the time spent searching, CT Page 10000 and the personnel who undertook the search.
Paragraphs 10a, 10b and 25 read as follows:
 10a. For the past two years, the portion of the written observation of each teacher in Newtown High School limited to the date, time, identification of the observer, and the signatures of the observer and teacher if contained in the form;
 10b. For the past five years, the annual recommendation report for each teacher recommended for dismissal or for rehiring with no salary increment or increase;
 25. With respect to the issue of the board members' individual evaluations, the respondent maintains that the only relevant records are the individual board members' notes concerning the superintendent's self-evaluation, which they brought to the appropriate board meeting to discuss.
The Board filed this appeal from the FOIC's order on November 28, 1995. The record and answer were filed on November 1, 1996, and July 16, 1997, respectively. The parties filed their briefs, and the court heard argument on September 3, 1997.
In its appeal, the Board posits several procedural claims, but its primary challenge asserts that the FOIC improperly determined that the non-evaluative information contained in the teacher observation reports was not exempt from disclosure pursuant to General Statutes § 10-151c. The court finds the issues in favor of the FOIC.
Turning first to the issue of aggrievement, under General Statutes § 1-21i(d), any party aggrieved by the decision of the FOIC "may appeal therefrom, in accordance with the provisions of section 4-183." "In appeals pursuant to the Freedom of Information Act, aggrievement is determined in accordance with a twofold test. See General Statutes § 1-21i (d). This test requires a showing of: `(1) a specific personal and legal interest in the subject matter of the [commission's] decision; and (2) a special and injurious effect on this specific interest.'" (Citations omitted) State Library v. Freedom ofInformation Commission, 240 Conn. 824, 833-834 (1997). In addition to various procedural claims, the Board claims that the FOIC improperly determined the non-evaluative information CT Page 10001 contained in the teacher observation reports was not exempt from disclosure under General Statutes § 10-151c. In StateLibrary, the Supreme Court held that without an evidentiary hearing, a party "may prove aggrievement by relying on the facts established in the records as a whole, including the administrative record." 240 Conn. 832. The Board has shown it is an aggrieved party in that it has a personal and legal interest that has been adversely affected by the FOIC's orders. Board ofPardons v. FOIC, 210 Conn. 646, 650 (1989); General Statutes § 1-21k.
As to the teacher observation reports, the FOIC found that "the portions of the teacher observation reports requested by the complainants, which are limited to documenting the occurrence of the observation, and which do not document the substance of the observation, do not contain evaluative information." (R. Final Decision p. 3 ¶ 14.) Based upon that finding the FOIC then concluded that the "portions of the observation reports requested by the complainants are subject to the provisions of § 1-19, notwithstanding § 10-151c. Ottachian v. FOIC, 221 Conn. 393
(1992)." (Final Decision, p. 3 ¶ 15.) The FOIC then went on to conclude that those portions requested "are public documents within the meaning of §§ 1-18a(d) and 1-19 (a)." (Final Decision p. 3 ¶ 16.) By not providing copies of "the limited portions of the observation reports," the Board violated §§1-15 (a) and 1-19 (a).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks omitted.) Dolgner v. Alander, 237 Conn. 272, 280 (1996).
This court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v.Freedom of Information Commission, [supra, 221 Conn. 397]. Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the CT Page 10002 administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . New Haven v. Freedom of Information Commission,205 Conn. 767, 774, 535 A.2d 1297 (1988)." (Internal quotation marks omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 164-65 (1993).
The plaintiff argues that the FOIC misapplied General Statutes § 10-151c and misconstrued the case of Ottachian v.Freedom of Information Commission, 221 Conn. 393 (1992). The statute reads as follows:
 Records of teacher performance and evaluation not public records. Any records maintained or kept on file by any local or regional board of education which are records of teacher performance and evaluation shall not be deemed to be public records and shall not be subject to the provisions of section 1-19, provided that any teacher may consent in writing to the release of his records by a board of education. Such consent shall be required for each request for a release of such records. For the purposes of this section the term "teacher" shall include each certified professional employee below the rank of superintendent employed by a board of education in a position requiring a certificate issued by the State Board of Education.
The Board argues that because the teacher observation reports are records of teacher performance and evaluation under §10-151c, nonevaluative information contained in them is protected from disclosure under § 1-19. It claims that Ottachian does not support the FOIC's decision to order disclosure because the letter in Ottachian that contained the evaluative information was not a record of teacher performance and evaluation. The plaintiff suggests that the Court decided that General Statutes §10-151c does not apply at all to evaluative information contained in a nonevaluative record. It then argues that since this information, while nonevaluative, is contained in a § 10-151c
record, it cannot be disclosed and should not be subject to the provisions of § 1-19.
The legislative intent behind the FOIA statutory scheme, the language of Ottachian and the prior cases interpreting §10-151c persuade this court that the Board's application of §10-151c to the facts of this case, while logical in light of the CT Page 10003 wording of the statute, is incorrect.
As our Supreme Court stated in Superintendent of Police v.Freedom of Information, 621, 626, 609 A.2d 998 (1992): "[T]here is an overarching policy underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records. . . . Our construction of the FOIA must be guided by the policy favoring disclosure and exceptions to disclosure must be narrowly construed." (Citations and internal quotation marks omitted.)Department of Public Safety v. FOIC, 29 Conn. App. 821, 824
(1993).
 In adopting the FOIA in 1975, the legislature gave voice to a strong legislative policy in favor of the open conduct of government: "The Legislature finds and declares that . . . the people do not yield their sovereignty to the agencies which serve them. That the people in delegating authority do not give their public servants the right to decide what is good for them to know and that it is the intent of this Law that actions taken by public agencies be taken openly and their deliberations be conducted openly and that the records of all public agencies be open to the public except in those instances where superior public interest requires confidentiality." (Emphasis added.) 18 H.R. Proc., Pt. 8, 1975 Sess., p. 3911, remarks of Representative Martin B. Burke; see also 18 S. Proc., Pt. 5, 1975 Sess., pp. 2323-24, remarks of Senator Robert L. Julianelle. . . . Because of the tremendous increases in governmental agencies and the great impact that their actions have on the individual, it is important that individuals have knowledge of the doings of these bodies. The provisions of § 1-21 accomplish a salutary objective in this regard by requiring specific and full disclosure of their doings.
(Citation and internal quotation marks omitted.) Rose v. Freedomof Information Commission, 221 Conn. 217, 233-34 (1992).
"Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." Perkins v.Freedom of Information Commission, supra, 228 Conn. 165. In CosCob Volunteer Fire Co. No. 1, Inc. v. Freedom of InformationCommission, 212 Conn. 100, 104 (1989), however, the Supreme Court noted that the administrative decision is not entitled to special CT Page 10004 deference on the interpretation and construction of a statute, "particularly where . . . the statute has not previously been subjected to judicial scrutiny or time-tested agency interpretations." Under either guideline, the court finds it appropriate to leave undisturbed the FOIC's construction of §10-151c in this case.
In Ottachian v. Freedom of Information Commission, supra, the issue was whether the entire correspondence, portions of which concerned matters of teacher performance and evaluation and portions of which concerned nonevaluative information, was exempt from disclosure under General Statutes § 10-151c. In deciding that the entire letter was not exempt from disclosure, the court found that the FOIC's determination that the legislature did not intend to exempt nonevaluative information from a letter pertaining to a teacher was reasonable.[1] 221 Conn. 399. The Court noted that in promulgating § 10-151c, the legislature "chose neither to provide criteria for determining what documents constitute such records nor to define the term `records.'"221 Conn. 398. Referring to its decision in Cos Cob Volunteer FireCo. No. 1, Inc. v. Freedom of Information Commission, supra,212 Conn. 106, the Court iterated that "[w]hen the legislature uses a broad term . . . in an administrative context, without attempting to define that term, it evinces a legislative judgment that the agency should define the parameters of that term on a case-by-case basis." In light of that legislative judgment, the FOIC was to determine whether the letters were records of teacher performance and evaluation "within the broad meaning of the term." Again citing Cos Cob, the court stated that "the practical construction placed on the statute by the agency, if reasonable, is highly persuasive." 221 Conn. 399.
Two cases prior to Ottachian addressed the construction and interpretation of § 10-151c. In Rose v. Freedom ofInformation Commission, supra, 221 Conn. 234, the Court citedBoard of Education v. Freedom of Information Commission,210 Conn. 590 (1989) and found
 We are unpersuaded that § 10-151c was intended to prevent the public disclosure of the substance of votes of a public agency that happen to concern matters of personnel, teacher performance or evaluation. In enacting § 10-151c, the legislature was apparently responding to an FOIC decision interpreting the § 1-19 (b)(2) exemption for personnel files (fn17) as not including an exemption for teacher CT Page 10005 evaluation files. See 27 H.R. Proc., Pt. 7, 1984 Sess., pp. 2547-48, remarks of Representative Michael Helfgott. We reviewed the enactment of § 10-151c in Board of Education v. Freedom of Information Commission, 210 Conn. 590, 594, 556 A.2d 592 (1989), and concluded that "the purpose of Public Acts 1984, No. 84-276 was to clarify the earlier legislative intent of § 1-19 (b)(2)." In exempting "records of teacher performance and evaluation," the legislature intended to preserve such files from unrestricted public access, in the same manner as otherwise provided in § 1-19 (b)(2).
In this case, based upon the strong legislative policy behind the FOIA statutory scheme of disclosure and the Supreme Court authority affirming the FOIC's construction of § 10-151 inOttachian, Rose, and the Board of Education cases, the court finds that the FOIC's determination that the nonevaluative information contained in the teacher observation reports is not exempt from disclosure is reasonable, and this court will not disturb it.
The Board posits several procedural claims. It first argues that the FOIC's hearing procedure was improper because the hearing officer Rosalind Berman, herself an FOIC commissioner, participated as a member of the panel that adopted her proposed decision as the final decision. The Board claims this procedure deprived it of an impartial adjudicator.
"It is presumed that members of administrative boards acting in an adjudicative capacity are unbiased. . . . The party claiming bias bears the burden of proving a disqualifying interest." (Citation and quotation marks omitted.) Pet v.Department of Health Services, 228 Conn. 651, 677 (1994).
Commissioner Berman was not required to recuse herself from the process of adopting the final decision. General Statutes § 4-179 (a) provides:
 "When, in an agency proceeding, a majority of the members of the agency who are to render the final decision have not heard the matter or read the record, the decision, if adverse to a party shall not be rendered until a proposed final decision is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the members of the agency who are to render the final decision." CT Page 10006
"As a constitutional matter, if each panel member met the minimum criteria of § 4-179, i.e., if each had heard all of the evidence or read the entire record, the Board's due process rights were adequately protected." Pet v. Department of HealthServices, supra, 228 Conn. 672. The commissioner heard the case and participated in the board's deliberations, satisfying both of the Pet criteria when only one is required. This process is "patently sufficient" under § 4-179 (a). Id., 673.
The Board next argues that the FOIC's proposed final decision does not comply with the requirements that it "contain a statement of the reasons for the decision." The FOIC applied the law to the facts. The reasons for its order in the decision are based on that analysis. The requirements of § 4-179 (b) have been satisfied.
The Board's remaining claims challenge the FOIC's order regarding the disclosure of (1) the annual teacher recommendation reports for each teacher recommended for dismissal or for rehiring with no salary increment and (2) the notes of individual board of education members concerning the superintendent's evaluation.
To begin, the Board argues that because such documents do not exist, it was improper for the FOIC to order the Board to conduct a "diligent search" for these records. General Statutes §1-21i(b)(2) grants authority to the FOIC to remedy the denial of a right conferred by the FOIA. It provides in pertinent part: "In any appeal to the [FOIC] . . . the [FOIC] may confirm the action of the agency or order the agency to provide relief that the [FOIC], in its discretion, believes appropriate to rectify the denial of any right conferred by sections 1-15, 1-18a, 1-19 to1-19b, inclusive, 1-20a, and 1-21 to 1-21k, inclusive."
The Board bears the burden of demonstrating that the requested records do not exist. See Wilson v. FOIC,181 Conn. 324, 340 (1980). At the administrative hearing Amy Dent, a member of the Board in 1994, testified that there was a single sheet available representing the Board's consensus in evaluating the superintendent. She also testified that the individual board members had prepared notes for that consensus. (ROR, Exh. H, p. 30). No evidence relating to the existence of the annual teachers evaluation reports was proffered.[2]
CT Page 10007
It is well-established that "the trial court may not retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.) Dolgner v.Alander, supra, 237 Conn. 280. Though there was some evidence before it indicating that the working papers did not exist, the FOIC did not unreasonably require detailed affidavits addressing the issue of the existence of the documents in question.
"The FOIC has full authority to determine the existence of public records and the propriety of their disclosure." Board ofEducation v. FOIC, supra, 208 Conn. 454. Our supreme court has recognized the FOIC's authority to order the submission of affidavits to prove the existence or non-existence of records. Id. Such affidavits "must not be couched in conclusory language."Wilson v. FOIC, supra, 181 Conn. 341.
The FOIC ordered the submission of detailed affidavits to ensure that the notes and evaluations do not exist. Such an order is reasonable and within the FOIC's authority.
The Board next argues that the FOIC's order compels the Board to conduct research not required under the FOIA. According to the Board a "diligent search" is, in this case, research. The Board's argument is not supported by evidence in the record. Thus, the Board has not satisfied its burden of demonstrating that a search for these documents would constitute "research" or that the requested documents were not described in the Lermans' request with reasonable particularity. Further, as noted previously, the FOIC has the authority to fashion relief under § 1-21i(b).
The appeal is dismissed.
DiPentima, J.